### John W. Rutherford *v.* The Pennsylvania Midland Railroad Company. Appeal of H. Frank Gump et al.

*Receivers—Receivers' certificates—Railroads.*

While the court will not ordinarily make a decree authorizing the issue of receivers' certificates for the completion of an unfinished railroad, such a decree is proper where it is made at the request of the president of the company with the approval of the holders of ninety-six per cent of the bonds, and the decree provides that it shall be without prejudice to the nonconsenting bondholders.

*Receivers—Receiver's certificates—Creditors.*

Creditors of a railroad company whose claims for material and labor accrued more than six months prior to the appointment of a receiver for the company, have no standing to object to the issuance of receiver's certificates for the payment of claims for materials and labor which accrued within six months prior to the receivership.

Argued May 12, 1896. Appeal, No. 175, Jan. T., 1896, by H. Frank Gump et al., creditors of the Pennsylvania Midland Railroad Company, from decree of C. P. Bedford Co., Nov. T., 1895, No. 2, on bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity for a receiver.

Petition for authority to issue receiver's certificates.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering decree authorizing the issuance of receiver's certificates.

*Alexander King*, with him *Kerr & McNamara, Moses A. Points* and *Reynolds & Colvin*, for appellant.—The facts set

forth in the bill do not warrant the appointment of a receiver. They merely show that the plaintiff is a creditor of the railroad company, that his money is due and unpaid, that there are other creditors who are pressing for their claims, and that the company does not have the means to pay. He has a complete and adequate remedy at law: Suydam v. Ins. Co., 51 Pa. 394; Bispham's Eq. sec. 526; Brinkerhoff v. Brown, 4 Johns. Ch. 680; Page v. Heath, 56 Pa. 223; Rice v. St. Paul R. R., 24 Minn. 467. Simple contract creditors, whose claims have not been reduced to judgment, cannot come into a court of equity and obtain a seizure of the property of their debtor, and its application to their claims: Hollins v. Brierfield, C. & I. Co., 150 U. S. 371.

The appointment of a receiver does not vest in the court absolute control over the property nor general authority to displace vested contract liens: Kneeland v. Loan & Trust Co., 136 U. S. 89.

It is not in the province of a court of equity to appoint a receiver and award receiver's certificates for the purpose of building and equipping a railroad which exists largely on paper and is at best but a speculative enterprise: Wallace v. Loomis, 97 U. S. 146; Hammock v. Loan & Trust Co., 105 U. S. 77; Barton v. Barbour, 104 U. S. 126; Quincy R. R. v. Humphreys, 145 U. S. 82; Toledo D. & B. R. R. v. Hamilton, 134 U. S. 296; Hollins v. Brierfield C. & I. Co., 150 U. S. 371.

*John S. Weller,* for appellee.—The appellee clearly had the right to invoke the aid of a court of equity. While it is true that at the time of his appointment he was not a judgment creditor, yet he had a lien upon the property which is sufficient.

If there was a defense existing to the bill as framed, the right of the plaintiff in the bill to proceed on the ground that the legal remedy had not been exhausted must be made in limine and does not of itself oust the court of jurisdiction: Hollins v. Brierfield Coal & Iron Co., 150 U. S. 380; Reynes v. Dumont, 130 U. S. 554; Brown v. Lake Superior Iron Co., 134 U. S. 530.

The right of the appellant to object is not greater, if as great, as the defendant in the bill: 5 Thompson on Corporations, sec. 6874; Wabash R. R. v. Dykeman, 32 N. E. Rep. 823.

Objection to the equity of plaintiff's claim must be taken by

demurrer or is waived : Farley v. Kittson, 120 U. S. 303 ; Rhode Island v. Mass., 14 Peters, 210.

The appointment of a receiver in case of railroad companies is a matter of discretion : Sage v. Memphis & L. R. R. R., 125 U. S. 361.

The general creditors are not adversely affected by the decree: Their chance of recovering anything on their claims will be increased by completing the road. If the road were sold in its present condition, the bondholders would be first to participate in the fund realized from the sale, and the hope of the general creditors getting anything would be totally destroyed.

The doctrine of receiver's certificates applies almost exclusively to railroad property : Kennedy v. St. Paul, etc. R. R., 2 Dill. 455 ; Meyers v. Johnson, 53 Ala. 237 ; Wallace v. Loomis, 97 U. S. 146 ; Bank of Montreal v. C. C. & W. R., 48 Iowa, 518 ; Miltenberger v. Logansport, C. & S. R. R., 106 U. S. 286 ; Union Trust Co. v. Illinois Midland R. R., 117 U. S. 435 ; Swann v. Wright, 110 U. S. 590 ; Turner v. R. R., 95 Ill. 134 ; Jerome v. McCarter, 94 U. S. 734 ; Smith v. McCullough, 104 U. S. 225 ; Investment Co. v. R. R., 36 Fed. Rep. 48 ; Kneeland v. Luce, 141 U. S. 491 ; Langdon v. R. R., 53 Vt. 228 ; Humphreys v. Allen, 101 Ill. 490 ; U. S. Trust Co. v. R. R. Co., 25 Fed. Rep. 800 ; Taylor v. Phila. R. R., 7 Fed. Rep. 377.

Receiver's certificates are as a rule expressly declared by the order of the court to be first liens upon the property and franchises of the road : Wallace v. Loomis, 97 U. S. 146.

The bondholders will be bound by such issue when they consent to it : Langdon v. Vt. & Canada R. R., 53 Vt. 229 ; McIlhenny v. Binz, 80 Tex. 145 ; Dunham v. Cincinnati, etc., R. R. Co., 1 Wall. 254 ; Huidekoper v. Locomotive Works, 99 U. S. 258 ; Dennison v. C. A. & St. L. R. R. Co., 4 Biss. 414 ; Duncan v. Mobile & Ohio R. R. Co., 2 Woods, 542 ; Brown v: Erie Ry. Co., 19 How. Prac. 84 ; Vatable v. New York, etc., R. R. Co., 96 N. Y. 49 ; Turner v. Indianapolis, etc., R. R. Co., 8 Biss. 315 ; Atkins v. Petersburg R. R. Co., 3 Hughes, 307 ; Davis v. Gray, 16 Wall. 203 ; Douglas v. Cline, 12 Bush, 608 ; Tommey v. Spartanburg, etc., R. R. Co., 4 Hughes, 640 ; Kelly v. Receiver of Green Bay, etc., R. R. Co., 10 Biss. 151 ; s. c., 5 Fed. Rep. 846 ; Calhoun v. St. Louis, etc., R. R. Co., 9 Biss. 330 ; Ellis v. Boston, Hartford & Erie R. R. Co., 107 Mass. 28;

Coe v. C. P. & I. R. R. Co., 10 Ohio St. 372; Gurney v. Atlantic, etc., R. R. Co., 58 N. Y. 358.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 6, 1896:

The bill in this case avers a contract by plaintiff with defendant company for the construction of its railroad, partial performance of the contract, insolvency of the company and threatened destruction, disintegration and sacrifice of its property, etc., and concludes with a prayer for the appointment of a receiver " to take charge of, keep and preserve the property of said company, subject to the further order of the court." On October 24, 1895, plaintiff was appointed receiver. Six days thereafter, the president of defendant company, at the instance of the holders of four hundred and ninety-one out of a total issue of five hun dred and ten bonds of said company, petitioned the court for a decree authorizing the issue of receiver's certificates to the amount of $50,000 for the payment of claims against the company for materials and supplies furnished and labor performed within the preceding six months; said certificates to be first liens on defendant company's property. On November 7, 1895, the receiver, at the instance of same bondholders, petitioned the court for a decree authorizing the issue of receiver's certificates, not exceeding $150,000, for the completion of said railroad.

On November 25, 1895, the appellants, one of whom was the holder of five of said company's bonds, and both claiming to be creditors of defendant company for materials, labor and money furnished for the construction of its railroad, more than six months prior to the appointment of the receiver, asked leave to intervene and object to the issuance of said certificates.

On December 20, 1895, the decree prayed for was made, but " without prejudice to the rights of the non-consenting bondholders, and with leave hereafter to petition to have their bonds, like those of the consenting bond-holders, held subject to the prior lien of the receiver's certificates."

Our first impression was that the learned judge had gone too far in authorizing the issuance of receiver's certificates for the completion of an unfinished railroad, that to do so would be establishing a dangerous precedent, etc. Ordinarily, this would undoubtedly be so, and we would not hesitate to express our disapprobation of such proceedings; but, upon fuller consider-

ation of the special and somewhat peculiar facts and circumstances of this case, we are not prepared to say that he was so clearly in error that the proceedings should be reversed.  We are rather inclined to think that to sustain the contentions of the appellants would be prejudicial to all parties concerned. In matters that rest so largely in the sound discretion of the trial court as do cases of this kind, we should not interfere unless there appears to have been manifest abuse of that discretion.

In view of the fact that the proceedings complained of were had at the request of a very large proportion of the bondholders, and without prejudice to those nonconsenting, it is unnecessary to notice specially some of the questions presented by the record. As to the equitable power of the court to appoint a receiver of an insolvent railroad company when a proper case is presented, there cannot be any doubt.  Such appointments, as already intimated, rest in the sound discretion of the court, exercised with a view to the interests—both public and private—that may be involved.  This is also true, in the main, as to the power of the court to authorize its receiver to raise money necessary for the preservation and completion of a railroad, and to make the same chargeable as a lien thereon.  Whether as a general rule the power to order receiver's certificates for the completion of a railroad, and make them a lien prior to existing bonds, should not be limited to " going concerns," may be regarded as an open question; but, in view of the fact that the decree in this case was made upon the request of a very large majority of the bondholders, and those who did not join in the request are sufficiently protected by the form of the decree, it is unnecessary in this case to further consider the subject.  The ground upon which courts act in all such cases is the enhancement of the security of the bondholders.  When it appears that the holders of over ninety-six per cent of the bonds assented to the decree, it is fair to assume that the security of the bonds, as a class, is not likely to be impaired thereby.

The decree authorizing receiver's certificates for the payment of the prior claims in this case stands on substantially the same footing.  It was requested by the president of the company representing the stockholders thereof.  The usual rule is to allow prior claims for materials and labor for the six months preced-

ing the appointment of the receiver: Union Trust Co. v. Illinois Midland Railroad Co., 117 U. S. 434; 20 Am. & Eng. Ency. of Law, 425. This is evidently the rule adopted by the bondholders in petitioning for the decree in this case. An inspection of the petition and account shows that Thomas Stufft is allowed a preference for $2,250 for materials furnished since May 1, 1895, but a similar claim by him, antedating the period of six months prior to appointment of the receiver, is not allowed. The appellants appear to be creditors whose claims accrued more than six months prior to said appointment, and hence they would not be entitled to preference in any event. They are not therefore in a position to complain of the action of the court.

It is unnecessary to notice other questions presented by the record. Neither of the specifications of error is sustained.

Decrees affirmed and appeal dismissed with costs to be paid by the appellants, H. Frank Gump and others.