# Carlenwright Lamp & Brass Company's Insolvent Estate.

*Receivers—Expenses—Lien for rent—Landlord and tenant.*

Where the court in appointing a receiver of a private manufacturing company directs that the lien of a levy for rent already made should remain, and subsequently after the receiver has conducted the business for several months, the property is sold, and it appears that no interests of the landlord were subserved by the receivership, the re-

ceiver will not be entitled to priority over the rent for the expenses incurred by him on account of the receivership.

Argued Nov. 15, 1910. Appeal, No. 113, Oct. T., 1910, by Howard W. Lennox, from order of C. P. Berks Co., Assignee Docket Entry, vol. 4, p. 134, dismissing exception to report of auditor In re Carlenwright Lamp & Brass Company's Insolvent Estate. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of Adam H. Schmehl, Esq., auditor.

The opinion of the Superior Court states the case.

*Error assigned* was order dismissing exceptions to report of auditor.

*E. H. Deysher*, for appellant, cited: Lewis et al. v. Linden Steel Co., 183 Pa. 248; Rutherford v. R. R. Co., 178 Pa. 38; Wabash, etc., Ry. Co. v. Central Trust Co. of New York, 22 Fed. Repr. 269; Central Trust Co. v. Sheffield, etc., Coal, etc., Co., 44 Fed. Repr. 526; Central Trust Co. v. Marietta & N. G. Ry. Co., 75 Fed. Repr. 193.

*J. B. Stevens*, with him *G. B. Stevens*, for appellee, cited: Lane v. Hotel Co., 190 Pa. 230.

OPINION BY HENDERSON, J., December 12, 1910:

This controversy arises out of the settlement of the account of the receiver of the Carlenwright Lamp & Brass Company. The particular question involved is whether rent due by the insolvent company to its landlord at the time of the appointment of the receiver by the court of common pleas is entitled to preference over the claims of the receiver for expenses incurred in the administration of his trust during the receivership. The National Brass & Iron Works leased to the Carlenwright Company the premises occupied by the latter and there was due

to the landlord for rent on September 9, 1908, the sum of $416.65. On the date named the landlord distrained for this rent and after due proceedings the personal property of the tenant was advertised to be sold. Thereupon another creditor of the insolvent company presented a petition to the court of common pleas praying for the appointment of a receiver, on which petition a rule to show cause was granted as well as an order staying the sale of the property on the landlord's warrant, the lien of the levy to remain, however, until further order of the court, and on October 5, 1908, Howard W. Lenox was appointed receiver of the insolvent company, he being its president and principal stockholder. The business of the company was conducted by the receiver for several months, and was finally closed out by a public sale of the assets of the company except the accounts. The receiver filed his account May 26, 1909, showing that he had received $752.98 in money and claiming credit for administration expenses, wages and other items to the amount of $536.14, and leaving in his hands a balance of $216.84. The goods distrained had been appraised at a valuation of $658.60 and this was evidently the property disposed of by the receiver for, with the exception of $100 which he borrowed with the approval of the court and for the payment of which he is allowed credit in his account, no money came into his hands except that which was realized from the sale of the property owned by the company prior to the receivership. A part of that may have been enhanced in value by work applied to it by the receiver but to what extent does not appear. Certain it is, however, from the account filed, that the total assets of the company as stated to the court by the receiver were much greater than the sum realized in the closing up of the business. On exceptions filed by the landlord the account was referred to an auditor to distribute the fund, who reported against the accountant's claims for expenses of administration and awarded the fund with which the accountant charged himself to the National Brass & Iron

Works on its rent claim less the costs of the audit, the loan of $100 authorized by the court and certain preferred claims for wages, which distribution was approved by the court of common pleas. It is now urged by the appellant that the court erred in its refusal to allow the appellant credits as claimed in his account for expenses incurred in prosecuting the business during the receivership. The insolvent corporation was a private manufacturing company, no public interests were involved in its business and the appointment of a receiver was presumably in the interest of its creditors. None of these had standing, however, to relax the grip which the landlord had acquired on the property of the tenant nor could the court have so done. The lien for rent had attached before the receivership. The lien of the levy was continued by the express terms of the order of court which stayed the sale and nothing subsequently occurring had the effect to displace the claim of the appellee or change the relation of the creditors. No more could the receiver consume the property which had become liable for the payment of the rent in the prosecution of a business which if beneficial to anybody was not so to the lessor. It is true that the property of the insolvent company went into the custody of the law because of the appointment of the receiver but subject to the lien for rent and when the property was sold the lien followed the fund arising from the sale. The court in appointing the receiver did not undertake to deprive the landlord of the security which the levy gave it but merely to preserve the property in the interest of creditors as their rights might appear, and the prior right of the appellee clearly appears. The Carlenwright Lamp & Brass Company had no defense to the rent claim nor standing to deny its priority and the receiver is in no better situation. He is not the receiver of the National Iron & Brass Works but of a tenant under it and he had no authority to apply the fund which had been secured by the lien to the payment of his own expenses in trying to work out a more favorable situation for other creditors.

The decree is well supported by Lane v. Washington Hotel Company, 190 Pa. 230; and Moore v. Lincoln Park, etc., Company, 196 Pa. 520.

Rutherford v. Pennsylvania Midland Railroad Company, 178 Pa. 38; Wallace v. Loomis et al., 97 U. S. 146, and the Wabash, St. Louis & Pacific Railway Company v. Central Trust Company of New York, 22 Fed. Repr. 269, are cases relating to receiverships of railroad companies which are public corporations, the continued operation of which, generally speaking, is important not only to the creditors but to the public and the doctrine applicable to the maintenance of the physical property of such companies under receiverships rests on a different footing from that affecting private manufacturing companies. It is not necessary here to enter into a consideration of the distinction between the two classes of corporations and the reasons controlling the courts in the administration of insolvent trusts relating thereto. In the present case no interests of the landlord were subserved by the receivership and no rights existing at that time could be lawfully defeated by such receivership.

The decree is affirmed.