## Stewart et al. v. Presto Manufacturing Co.

*Boyd Vincent Imbrie* and *A. S. Fingold,* for receiver.
*Edward A. Kraus, Jr.,* for landlord and exceptant.

ELDER W. MARSHALL, J., January 6, 1933.—These exceptions to the receiver's account present the question whether, in distributing a fund realized from the sale of goods on demised premises, the administration expenses of receivership are entitled to priority over the landlord's claim for rent.

In certain proceedings at No. 3035 October Term 1929, reference to which is made in the exceptions, it was adjudicated on August 27, 1931, that rent at the rate of $250 per month from May 1, 1929, to August 31, 1931, a total of $7,000, was owing by S. S. Loeb, trading as Presto Manufacturing Company, to Joseph A. Romano, landlord, for the demised premises at No. 7325 Penn Avenue, Pittsburgh; it was also determined that rent at the same rate would be owing from and after September 1, 1931, so long as Loeb or any person or corporation holding under him should continue to occupy the premises. Presto Manufacturing Company, the defendant, is a corporation and was in possession of the demised premises, holding under Loeb, when the receivership was created on November 5, 1931. On that date the corporation owned a stock of goods and merchandise on the premises which the appraisers valued at $14,566.84, but which later brought only $925 at receiver's sale. Under an order of court, the receiver operated the business and remained in possession of the premises for a period of 5 months. It is undisputed that no part of the rent accruing since May 1, 1929, has been paid; the amount owing for the 1 year period immediately prior to institution of the receivership is $3,000, and for the period of the receiver's occupancy, $1,250.

From the facts above recited, it is obvious that the landlord might have distrained upon defendant's stock of goods up to the very moment of the receiver's

appointment. Accordingly, the case falls within the terms of the Act of July 17, 1919, P. L. 1029, sec. 1, which provides:

"That in all cases where a tenant or tenants become insolvent, and any assignment for the benefit of creditors is executed, or a receiver is legally appointed for . . . the tenant or tenants, covering goods and chattels upon demised premises and which are liable to distress by the landlord for rent, the landlord shall be first entitled to receive out of the proceeds of the sale of such goods and chattels by the legal representatives of the tenant any sum or sums of money due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceedings, not exceeding one year's rent: Provided, That if the proceeds of the sale by the legal representatives of the tenant shall not be sufficient to pay the landlord and the costs of the insolvency proceedings, the landlord shall be entitled to receive the proceeds of sale after deducting so much for costs as the landlord would be liable to pay in case of a sale under distress."

This act plainly secures to the landlord the entire proceeds of a receiver's sale of goods on the demised premises, less only an amount equivalent to costs payable on a sale under a distraint. A similar provision is to be found in the Act of June 16, 1836, P. L. 755, sec. 84, covering the sale of a tenant's goods on execution process, where rent is in arrear: Barnes's App., 76 Pa. 50, and also in the Act of May 26, 1891, P. L. 122, applicable to a like sale by a tenant's assignee for the benefit of creditors.

When it is remembered that a landlord has the right to distrain upon and sell goods on demised premises in satisfaction of his claim for rent, and by law is given priority to the extent of 1 year's rent against other creditors, he necessarily has an equitable lien on those goods when they pass into the possession of a receiver, and on their proceeds when finally sold. The receivership is administered for the benefit, not of the landlord, but of the corporation and its general creditors, for if the landlord be the only creditor there is no need for a receiver. All that the Act of 1919 intends is to assure to the landlord priority in distribution, and that only an equitable part of the cost of an administration primarily in the interest of others shall be borne by him. We are satisfied that the act is controlling and that the exceptions should be sustained.

The matter may be viewed also from another angle. In addition to his claim for 1 year's rent accrued to the date of the receiver's appointment, exceptant claims rent for the 5 months' period during which the receiver occupied the demised premises. Such rent amounted to $1,250 and is more than the amount realized by the receiver from sale of the goods. It has been definitely ruled in Lane v. Washington Hotel Co., 190 Pa. 230, that the landlord has a lien for rent accruing under the receivership, on the fund raised by the receiver's sale of goods on the premises, and that such fund may not be reduced by the payment of administration expenses, except in an amount equal to the cost of a landlord's sale under a distress. It was there said by Mr. Justice Dean (page 235):

"Her right [as landlord] to enter upon the premises and distrain for rent on default being made in any monthly payment was unquestioned. The court could not by taking possession deprive her of this right, except by maintaining her status as landlord on any fund realized from the property subject to distraint. Admit the property of the hotel company, by the appointment of the receiver, went into the custody of the law, and was no longer subject to seizure on a landlord's warrant for default in payment up to that time, still her right to seize the property was merely transferred into a lien on the fund, which the court on distribution was bound to recognize."

The Act of 1919, supra, and the decision in Carlenwright Lamp & Brass Company's Insolvent Estate, 44 Pa. Superior Ct. 640, are based upon the principle thus stated.

Whether, therefore, exceptant claims for rent due when the receiver was appointed, or for such as accrued during the receivership, the result is the same: the receiver erroneously paid the cost of administration in preference to the rent. We find that the costs which a landlord would be liable to pay in case of a sale under distress at which the goods sold for $925 are $40. If this amount be deducted from $925, there remains $885 as the amount properly distributable to exceptant in satisfaction of his lien on the goods sold. Since the receiver, after paying all administration expenses, reports a balance for distribution of but $299.92, he must be surcharged with the sum of $585.08, so that the sum for distribution will total $885, the amount to which exceptant is entitled.

*Decree*

And now, January 6, 1933, the exceptions ex parte Joseph A. Romano to the first and final account of Jacob Benedict, receiver, are sustained, and it is ordered that said receiver be surcharged with the sum of $585.08, and that the balance for distribution as shown by said account, $299.92, together with the amount of such surcharge, $585.08, totaling $885, be distributed as follows: To Joseph A. Romano, landlord, on account of claim for rent, $885.

From William J. Aiken, Pittsburgh, Pa.