## In re SOROSIS MFG. CO.

### No. 17534.

District Court, W. D. Pennsylvania.

Aug. 3, 1932.

Baker & Watts, of Pittsburgh, Pa., for ancillary receiver.

Park J. Alexander, of Pittsburgh, Pa., for Jenkins Arcade Co.

Watson B. Adair, of Pittsburgh, Pa., referee.

SCHOONMAKER, District Judge.

Two matters are now before this court: (1) The matter of restraining the landlord of the premises occupied by the bankrupt from proceeding with a distress warrant to sell goods of bankrupt for rent claimed to be due; (2) the petition of the ancillary receiver to sell the property in this jurisdiction at public sale.

On June 30, 1932, the United States District Court in the District of Massachusetts appointed a receiver for the Sorosis Manufacturing Company.

That company had store fixtures in 1043 Jenkins Arcade building, Pittsburgh, Pa., owned by the Jenkins Arcade Company. That company, on March 1, 1930, leased said storeroom to A. E. Little Company for the term of five years at a rent of $722 net per month, which was subsequently reduced to $648 per month; and there is now claimed to be due the Jenkins Arcade Company to August 1, 1932, the sum of $1,582.49, with an additional rental of $34.01 for light furnished.

The Jenkins Arcade Company alleges that A. E. Little Company transferred its assets on the leased premises to the bankrupt, without in any manner changing the operations conducted on the leased premises. The landlord also alleges that the receiver of bankrupt is also receiver of the A. E. Little Company, under appointment by the United States District Court for the District of Massachusetts, and that the Sorosis and A. E. Little Company are in effect one and the same party.

On July 5, 1932, the landlord, Jenkins Arcade Company, levied a distress warrant for rent then due it on the lease of the premises occupied by the bankrupt.

On July 10, 1932, this court appointed Louis Shapiro ancillary receiver on the petition of the receiver of the primary jurisdiction, and, on his application, we granted a temporary restraining order against the Jenkins Arcade Company against proceeding with its landlord's warrant to sell the property.

The question presented is, Shall we restrain the landlord from proceeding with his warrant, and permit the receiver to sell the goods in this jurisdiction? Counsel for Jenkins Arcade Company has agreed in open court to this being done, provided his lien for rent be impressed on the sale-proceeds before they are transmitted to the primary receiver.

Under all the circumstances, it seems desirable, and to the best interest of the estate, that the goods and fixtures on the leased premises be sold at once, and the lien claim of the landlord be transferred to the proceeds. The Pennsylvania Act of June 22, 1931, P. L. 889. (68 PS § 322), appears to

contemplate that, where a receiver in bankruptcy has been appointed at a time when a distress warrant for rent has been levied, the warrant shall be stayed, and thereupon the claim of the landlord shall be filed with the receiver and entitled to lien upon the proceeds of sale.

We shall follow that proceeding in this case, for we are of the opinion that the landlord has a preferential rent claim payable out of the sale of goods on these demised premises, the amount of which we will adjudge and determine, on the filing of the landlord's rent claim with the ancillary receiver.

An order may therefore be submitted, restraining the Jenkins Arcade Company from proceeding with its distress warrant, and for the sale of the goods on the leased premises by the receiver, the sale proceeds to be held in this jurisdiction for this court to adjudge and determine the amount and extent of such rent claim as the landlord may have; the present lien claim of the landlord being transferred to the sale proceeds.