## In re Wright, Inc.

*Illoway & Fischer*, for petitioner; *David H. Cohen*, contra.

DICKINSON, J., February 19, 1934.—The petition should be allowed.

The real question is whether a landlord's preferred claim for rent should be allowed or allowed for the rent less one half the costs of sale.

It may well be, as the learned referee has said, that the landlord is better off with the allowance made him than if he had been permitted to pursue his distress remedy, because his expenses might have been heavier and the sum realized less. There is a measure of rough and ready so-called justice in this view. Nevertheless, the question of allowance is in no sense a claim based upon equitable considerations but upon a legal right. Ita lex scripta est. The law, however, is the bankruptcy law and not the State law. The State law figures merely because the bankruptcy law gives him what the State law allows. Of course, the proceeds of sale must provide the expenses of the sale, and the landlord, if there is a shortage, must be content with what there is. This is not law but grim necessity. If the landlord had conducted the sale and the fund was insufficient to pay both costs of sale and rent, the costs would have been first paid. When the bankruptcy court conducts the sale, the landlord is entitled to no more than he would have received at a constable's sale. If there is a shortage, he should pay such expenses as he would have paid at his own sale. Such was the situation in In re Abbruzzo, 276 Fed. 404. It is not, however, the situation here. The fund is sufficient to pay the landlord in full. The only theory upon which a deduction could be made is that he benefited by a stay of the distress proceedings. No landlord so looks upon a stay, nor does the bankruptcy law allow it for this reason. It is allowed for the benefit of the bankruptcy estate. The landlord submits because he must. The stay is granted on the terms that the landlord gets what he would have received had there been no stay. The law presumes that the property brings its fair value at whichever sale is had. Hence there is no difference in the fund.

The petition for review is allowed, and the order of the referee modified by the allowance of the sum of $2,143.01 rent without deduction.

An appropriate decree may be submitted.