## In re McCOY.
### No. 8590.

District Court, M. D. Pennsylvania.
Aug. 23, 1934.

Harry L. Siegel, of Lewistown, Pa., for trustee.

A. Reed Hayes and Harold W. Houck, both of Lewistown, Pa., for Citizens' Nat. Bank.

JOHNSON, District Judge.

This case comes before the court on petitions to review a referee's order.

James R. McCoy, lessee of the Citizens' National Bank of Lewistown, Pa., hereinafter referred to as Bank, owed to the latter $4,275 for rent in arrear from July, 1932, to February, 1934. On January 5, 1934, the Bank, by virtue of a landlord's warrant, distrained upon all of the tenant's goods and chattels in the demised premises and had the said property duly appraised and advertised for sale. Prior to the sale, and on January 16, 1934, an involuntary petition in bankruptcy was filed against the said tenant, James R. McCoy, trading as J. Roller McCoy & Son, and on the same date the said sale was restrained by order of this court. James R. McCoy was adjudged a bankrupt on February 6, 1934, and a trustee was subsequently elected. On February 22, 1934, the Bank duly served notice, upon the trustee, in accordance with the Pennsylvania Act of Assembly of June 22, 1931, P. L. 889 (68 PS Pa. § 322), that it had lien against the distrained goods and chattels and any proceeds thereof, to the extent of $4,275 plus costs of $28. The trustee, on March 23, 1934, sold the said goods for the sum of $7,400, and shortly thereafter the Bank petitioned the referee to order the said trustee to pay to it the sum of $4,275 plus costs of $28, by virtue of a lien it held to that amount. After answer filed and hearing held the referee filed an opinion and order dated April 16, 1934, directing the trustee to pay to the Bank the sum of $2,700, the amount of one year's rent. Both the trustee and the Bank filed petitions to review this order. The learned referee later filed a supplemental opinion, for consideration by this court, recommending that the said order be vacated and the Bank be allowed $4,275, its rent claim in full.

The single question presented by both petitions for review is whether a landlord, who distrained on the goods of his tenant prior to the filing of an involuntary petition in bankruptcy against the tenant, there being no execution by other creditors, is entitled to the full amount of his claim, more than one year's rent.

It has uniformly been held that a landlord's lien, created by distress proceedings within four months of the filing of a petition in bankruptcy, is not a lien "obtained through legal proceedings," which is voided by section 67f of the Bankruptcy Act (11 USCA § 107 (f). Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 701, 56 L. Ed. 1233; In re West Side Paper Co. (C. C. A. 3d Circuit) 162 F. 110, 112, 15 Ann. Cas. 384; In re Potee Brick Co. (D. C.) 179 F. 525; In re Abbruzzo (D. C. W. D. Pa.) 276 F. 404; In re C. J. Rowe & Bros., Inc. (D. C. W. D. Pa.) 18 F.(2d) 658; Garrison et al. v. Johnson et al. (C. C. A.) 66 F.(2d) 227, certiorari denied 290 U. S. 668, 54 S. Ct. 88, 78 L. Ed. 577; Remington on Bankruptcy § 1438.

Another principle well settled in Pennsylvania is that a landlord can distrain for any amount of rent due, and is not limited to one year's rent. Trickett on Landlord and Tenant, § 219; Franciscus v. Reigart, 4 Watts (Pa.) 98, where the landlord distrained for eleven years' rent; Lichtenthaler v. Thompson, 13 Serg. & R. (Pa.) 157, 15 Am. Dec. 581; Goodwin et al. v. Sharkey et al., 80 Pa. 149, 153; Platt, Barber & Co. v. Johnson et al., 168 Pa. 47, 49, 31 A. 935, 47 Am. St. Rep. 877; General Tire & Rubber Co. v. General Tire & Sales Co., 93 Pa. Super. 173, 176.

"By the common law, when an execution was levied upon the tenant's goods, the landlord lost his rent, and could not enter to distrain, for the execution took place of all debts, except specific liens, and the goods taken by the sheriff, being in custodia legis, could not be distrained." Ege v. Ege, 5 Watts (Pa.) 134, 139. To remedy this, and in aid of the landlord, the common law was changed by statute; the present statute in Pennsylvania being the Act of June 16, 1836, P. L. 755, § 83 (68 PS Pa. § 321). Under this act, if the tenant's goods are taken by virtue of an execution before the landlord has distrained, the landlord is allowed one year's rent. In interpreting this act, Chief Justice Sterrett, in Platt, Barber & Co. v. Johnson et al., 168 Pa. 47, 49, 31 A. 935, 939, 47 Am. St. Rep. 877, said: "That right (of distress) might be

exercised by the lessor, to the extent of collecting more than one year's past due rent, provided the rights of execution creditors have not previously attached. If they have, the Act of June 16, 1836, limiting the lessor's right to payment out of such fund to an amount not exceeding one year's rent, becomes operative in favor of the execution creditors." See, also, General Tire & Rubber Co. et al. v. General Tire & Sales Co. et al., 93 Pa. Super. 173. Judge Buffington, Circuit Judge, expressed the same view of the act of 1836 in Bennett's Estate et al. v. Sproul (C. C. A. 3rd Circuit) 42 F.(2d) 33, 35: "We are therefore justified in holding that the purpose of the statute was to give the landlord a lien for his rent, no matter when it had become due, so long as his rent was due when the goods were taken in execution, but that the lien should be limited in money to the measure of one year's rent. On reflection, the reason for so construing the statute is clear. Prior to the issue of an execution, the landlord could distrain for all unpaid rent and collect the same. When, however, the tenant's goods were taken in execution by a creditor, the landlord's right to interfere with such execution was by the statute taken away, but, in view of such deprivation, the statute gave the landlord a lien for 'any sum of money due for rent.' But in recognition of the execution creditor's right, it limited the lien of the landlord's priority to the measure of a single year's rental." Under this state of the law, where a landlord first distrained and subsequently execution was issued and a levy made on the distrained goods, "the landlord would have been entitled to hold his sale first, and to have sold all the goods necessary to satisfy his claim, even to the extent of selling them all. * * *" National Acceptance Corporation v. Ulick, 16 Pa. Dist. & Co. R. 483, 484; Mortgage B. & L. Ass'n v. Van Sciver et al., 304 Pa. 408, 419, 155 A. 920. No statute required the constable, selling for the landlord, to withdraw in favor of the sheriff. If any goods were left, the sheriff would then have taken possession of the balance. In order to consolidate, in the machinery of a single sale under the supervision of the sheriff, the successive sales by the landlord and by the sheriff, the Act of May 7, 1929, P. L. 1589, as amended by the Act of June 22, 1931, P. L. 889 (68 PS Pa. § 322), was passed. The act was not intended to change the substantive rights of the parties. National Acceptance Corporation v. Ulick, supra; Mortgage B. & L. Ass'n v. Van Sciver et al., supra.

The act of 1929, as amended, provides that: "Whenever any sheriff shall, pursuant to an execution issued, levy upon any goods and chattels upon which there is at the time a distress for rent, or whenever a receiver, a receiver in bankruptcy, or a trustee in bankruptcy shall be appointed for any person, firm, or corporation upon whose goods and chattels there is at the time a distress warrant for rent, any sale, pursuant to such levy or distress for rent, shall be stayed pending the sale of such goods and chattels by the sheriff, receiver, receiver in bankruptcy, or trustee in bankruptcy; and the sheriff, receiver, receiver in bankruptcy, or trustee in bankruptcy may proceed and sell such goods and chattels, as provided by existing law for sales by such officer, and, in such cases, the claim for rent, together with costs of executing such landlord's warrant, may be filed with the sheriff, the receiver, the receiver in bankruptcy, or the trustee in bankruptcy, as the case may be, and shall be a lien on the proceeds of the sale of such personal property, and be paid first out of the proceeds of such sale."

It is to be noted that the above act does not limit the landlord's claim to one year's rent, but provides that "the claim for rent" shall be a lien on the proceeds and be paid first. Schoonmaker, District Judge, seems to recognize this fact in Re Sorosis Mfg. Co. (D. C. W. D. Pa.) 1 F. Supp. 653, where he says: "The Pennsylvania Act of June 22, 1931, P. L. 889 (68 PS Pa. § 322), appears to contemplate that, where a receiver in bankruptcy has been appointed at a time when a distress warrant for rent has been levied, the warrant shall be stayed, and thereupon the claim of the landlord shall be filed with the receiver and entitled to lien upon the proceeds of sale." The act was not in any way intended to charge the existing law which permitted a landlord to distrain for any amount of rent due, not limited to one year's rent, and gave him a lien on the goods for the entire amount thereof, provided distraint was made before the intervention of executions. In speaking of this landlord's lien, Gray, Circuit Judge, said, in Re West Side Paper Co., supra: "While there is no specific lien, except on the goods actually distrained under the landlord's warrant, all the goods on the demised premises are to be considered as being under a quasi pledge, which gives superiority to the specific lien established by the distraint. Such a lien is in no sense 'obtained through legal proceedings.' Nor is it within the spirit of the bankrupt law in this regard, as evidenced by other pro-

visions thereof, as well as that of 67f, above quoted."

The contention of the learned counsel for the trustee that this holding "would place the determination of the relative rights of a landlord and general creditors on the basis of a race as to who should first institute proceedings" is answered by our Supreme Court in Henderson v. Mayer, supra: "The statutory restrictions as to date, rank, and priority may be important in a controversy with other lienholders, but was wholly immaterial in this contest between the landlord and trustee, where the latter was only representing general creditors. As against them the landlord had, from the beginning of the tenancy, the right to a statutory lien, which had completely ripened and attached before the filing of the petition in bankruptcy. The priority arising from the levy of the distress warrant was not secured because Mayer had been first in a race of diligence, but was given by law because of the nature of the claim and the relation between himself as landlord and Burns as tenant."

And now, August 23, 1934, the order of the referee dated April 16, 1934, is hereby vacated, and the trustee in bankruptcy is hereby ordered to pay to the Citizens' National Bank of Lewistown, Pa., the sum of $4,275, its rent claim in full, together with costs in the amount of $28.