## In re ZUMBERIS.
### No. 9808.

District Court, M. D. Pennsylvania.

Aug. 29, 1938.

J. Memolo and George Miller, both of Scranton, Pa., for Maria Parise.

D. H. Jenkins, of Scranton, Pa., for petitioning creditors.

WATSON, District Judge.

This is an involuntary petition in Bankruptcy filed by three creditors of the alleged bankrupt. The alleged bankrupt has made no answer to the petition. The matter is now before the Court upon the motion of one Maria Parise, landlord of the alleged bankrupt, to dismiss the creditors' petition on the ground that the petition "does not state facts sufficient to constitute an Act of Bankruptcy."

The Petitioning Creditors have raised the question whether the landlord in this case is a proper party to this proceeding. As one act of bankruptcy, the involuntary petition alleges that the alleged bankrupt permitted the landlord to distrain for rent and failed to discharge the distraint within five days of the proposed sale thereunder. It is the Petitioning Creditors' position that, by reason of this distraint proceeding, the landlord is a secured creditor and, therefore, has no standing to resist adjudication.

Section 18(b) of the Bankruptcy Act, 11 U.S.C.A. § 41(b), provides that "any creditor" may appear and plead to the petition. By Section 1(9) of the Act, 11 U.S.C.A. § 1(9), the term "creditor" is defined as " * * * anyone who owns a demand or claim provable in bankruptcy * * *". Section 57(e), 11 U.S.C.A. § 93(e), provides that secured claims are provable over and above the value of the security. Although there is nothing before the Court from which it can be found that

the landlord's claim is in excess of its security, there is also nothing from which the contrary appears. It seems clear that the interests of the landlord would be adversely affected by an adjudication, and this is the true test of his right to intervene at this stage of the proceedings. Gratiot County State Bank v. Johnson, 249 U.S. 246, 250, 39 S.Ct. 263, 63 L.Ed. 587. A collateral inquiry into the validity of the landlord's levy and the value of the property distrained to determine the extent of his security would cause undue delay to no purpose. See In re San Antonio Land & Irrigation Co., D.C., 228 F. 984, where mortgage bondholders were permitted to resist adjudication without any inquiry into the value of their security. In the case of In re Columbia Real Estate Co., 7 Cir., 112 F. 643, the party seeking to intervene did not claim to be a creditor but merely claimed a lien on certain real estate belonging to the alleged bankrupt through transactions with third parties. The landlord in this proceeding is in my opinion a proper party intervenor.

The acts of bankruptcy set forth in the Creditors' petition are as follows:

"I. That while insolvent as aforesaid, the said alleged Bankrupt transferred various moneys to various of his (their) creditors with intent thereby to prefer such creditors over his (their) other creditors of the same class, the names of such preferred creditors being unknown to your petitioners.

"II. That while insolvent as aforesaid the said alleged Bankrupt suffered or permitted a creditor to obtain a preference through legal proceedings and not having at least five days before a sale or final disposition of the property effected by such preference vacated or discharged such preference, to wit:—in that he did permit Mrs. Marie Parise to levy for sale by Landlord's Warrant the property effected for approximately $5000.00. The date of such levy being Wednesday, the 22nd day of June, 1938, the appraisement being Wednesday, the 29th day of June, 1938, and the sale being set for Wednesday, the 6th day of July, 1938, at 10:00 o'clock A. M."

The first of these allegations is clearly insufficient. It is a general allegation in the language of the Act and does not apprise the Respondent of the facts which he is called upon to controvert. Meek v. Beezer, 3 Cir., 28 F.2d 243. In re Schwartz, D.C., 8. F.Supp. 89.

Turning to the second allegation, it is to be noted that the landlord's levy is not attacked as irregular or for a sum greater than the rent due. As to this allegation, the question is, whether a lien obtained by a landlord through distress proceedings under the law of Pennsylvania is a preference obtained through legal proceedings? If it is not the sufferance or permission of the levy by the alleged bankrupt is not an act of bankruptcy.

In the case of In re West Side Paper Co., 162 F. 110, 15 Ann.Cas. 384, the Circuit Court of Appeals of this Circuit passed upon this precise question in considering whether the lien of a landlord's distraint obtained within four months of bankruptcy was divested by the bankruptcy. In disposing of the question, the Court said (page 111):

"Distress for rent in arrear, is one of the most ancient, as well as 'one of the most efficient of the landlord's remedies for the collection of rent.' It is in most of our states, as it was at common law, a right sui generis, belonging to the landlord whenever the relation of landlord and tenant existed. It appears to have been abolished in a few of the states, and in most of them its exercise has been regulated by statute. Its essential characteristics are, however, for the most part the same as existed at common law. In Pennsylvania, as at common law, the distress warrant issues directly from the landlord to his bailiff, who, if he happens to be a constable, is no less the agent and bailiff of the landlord than if he were a private person. The state law provides that, after the goods have been distrained, or levied upon, unless the same be replevied by the plaintiff within five days, the landlord may apply to the sheriff of the county, or to a constable, who is required to take proceedings for the sale of the said goods, or so much thereof as may be required for the satisfaction of the rent. In other respects, the right of the landlord remains for the most part as it was at common law. The right to distrain or levy upon all the goods upon the demised premises, whether those of the tenant or of a stranger, arises the moment the relation of landlord and tenant is established. It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a land-

lord's warrant. It was originally in the nature of a property right in the reditus or return from the land, reserved to the landlord. No suit or proceeding at law, whether in personam or in rem, in the proper sense of those words, was necessary for the assertion of this right. It belongs to that small category of personal rights, the assertion of which has always been independent of legal procedure; of which the right to abate a nuisance, under certain circumstances, and the right to distrain cattle damage feasant, are examples.

"While there is no specific lien, except on the goods actually distrained under the landlord's warrant, all the goods on the demised premises are to be considered as being under a quasi pledge, which gives superiority to the specific lien established by the distraint. Such a lien is in no sense 'obtained through legal proceedings.' Nor is it within the spirit of the bankrupt law in this regard, as evidenced by other provisions thereof, as well at that of 67f [11 U.S.C.A. § 107(f)] above quoted."

In the case of In re Belknap, 129 F. 646, it was decided by the District Court for the Eastern District of Pennsylvania that a landlord's levy did not operate as a preference, and the sufferance of it did not constitute an act of bankruptcy because " * * * the effect of the distress did not enable the landlord to obtain a greater percentage of his debt than any other creditor of the same class. There is no other creditor of the same class, for there is but a single landlord; and, as the claim for rent had priority over the claims of the general creditors, the distress did not enable the landlord to obtain a greater percentage of his debt. * * * When he distrains, a landlord is simply enforcing the priority which is given to him by law, and in no way gains any improper advantage over other creditors by thus converting the property into money more speedily." (Page 648.) The same conclusion was reached in Richmond Standard Steel Spike & Iron Co. v. Allen et al., 4 Cir., 148 F. 657.

■ In view of these authorities, with whose reasoning I am in full accord, it is my conclusion that the petition does not properly allege an act of bankruptcy. Rather than dismiss the petition immediately, as it may be that the Petitioners can file a petition containing allegations as to acts of bankruptcy which are sufficient, I shall allow the Petitioners time within which to amend their petition.

Now, August 29, 1938, the questions of law raised by the motion of Maria Parise to dismiss the Involuntary Petition are decided in favor of the said Maria Parise and, unless the Petitioning Creditors shall file an Amended Involuntary Petition within five days hereof, the Clerk is directed to dismiss the proceedings.