## In re EDMUNDS.
### No. 9570.

District Court, M. D. Pennsylvania.
April 3, 1939.

Jenkins, Turner & Jenkins, of Wilkes-Barre, Pa., for landlord.

Harry Coplan and Edwin Sheporwich, both of Wilkes-Barre, Pa., for referee.

JOHNSON, District Judge.

This is a petition to review the referee's order which directed the payment of administration expenses in this proceeding from the proceeds of the sale of personal property upon which the bankrupt's landlords had levied under a distress warrant.

The essential facts are as follows: On March 31, 1937, the bankrupt's landlords obtained a distress warrant and levied upon his personal property which was located on the leased premises. The rent for which the levy was made amounted to $1,336. On April 13, 1937, these proceedings were commenced by a voluntary petition, and the landlords were restrained from proceeding further under the distress warrant. Subsequently, the trustee in bankruptcy sold the goods, which were subject to the landlords' levy, for the sum of $950. At the audit of the trustee's account, the referee ordered administration expenses of approximately $600, to be paid out of the proceeds of the sale. The landlords have petitioned to review this order, alleging that they are entitled to receive the entire fund, undiminished by administration expenses.

It is settled that a lien created by distress proceedings under a landlord's warrant is not "obtained through legal proceedings" within the meaning of Section 67f of the Bankruptcy Act, 11 U.S. C.A. § 107(f), and consequently is not voided by the bankruptcy of the tenant within four months of the levy. Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 59 L.Ed. 1233; In re West Side Paper Company, 3 Cir., 162 F. 110; In re Rowe & Bros., Inc., D.C., 18 F.2d 658; In re McCoy, D.C., 7 F.Supp. 759. Furthermore, where such a lien is created the landlord is entitled to be paid in full without regard to the priorities in distribution provided in Section 64b of the Bankruptcy Act, 11 US.C.A. § 104(b). Where the goods sell for less than the landlord's claim for rent, he is entitled to the entire fund, less the actual costs of the sale. In re West Side Paper Company, supra; In re Abbruzzo, D.C., 276 F. 404.

The referee cites Section 67b and section 67c of the Chandler Amendment to the Bankruptcy Act, 11 U.S.C.A. § 107(b, c), in support of his order. These sections have no application. The amendment was not passed until June 22, 1938, and did not go into effect until September 22, 1938. The landlords' rights vested in 1937, and the final order of the referee was entered more than five months prior to the effective date of the amendment. Under these facts, it would be inequitable to apply the provisions of the Chandler Act to the present case.

And now, after carefully considering all of the questions raised by the petition to review, the order of the referee with reference to the payment of costs out of the proceeds of the sale of goods on the leased premises is vacated; and the trustee in bankruptcy is directed to pay the whole fund derived from the sale to the landlords, except the actual costs of making the sale.