## In re EDMUNDS.

### No. 9570.

District Court, M. D. Pennsylvania.
Jan. 24, 1940.

A. L. Jenkins, of Wilkes-Barre, Pa., for exceptants.

Harry Coplan and Frank Jones, both of Wilkes-Barre, Pa., for respondents.

JOHNSON, District Judge.

This is a petition to review the recommendations of the referee, dated May 24, 1939, concerning distribution of proceeds of sale of the bankrupt's personal property, upon which the bankrupt's landlords had levied under a distress warrant.

The essential facts are these: March 31, 1937, the bankrupt's landlords obtained a distress warrant and levied upon and took possession of his personal property which was located on the leased premises. The rent for which the levy was made was $1,136. The property was appraised and advertised for sale, but on April 13, 1937 voluntary proceedings were begun, and\the landlords were restrained from proceeding further under the distress warrant. The trustee in bankruptcy sold the goods, which were subject to the landlords' levy, for the sum of $950. At the audit of the trustee's account, the referee ordered administration expenses of approximately $600 to be paid from the proceeds of the sale. On petition of the landlords for review, this Court vacated the referee's order and directed that the whole fund derived from the sale should go to the landlords "except the actual costs of making the sale". In re Edmunds, D. C., 27 F.Supp. 196, 197. Upon petition of the trustee, the Court clarified its order by stating that "actual costs of making the sale" should mean "all legitimate and reasonable costs incurred by the trustee in selling the property". Thereupon, the referee allowed as legitimate and reasonable costs, items totalling $274.92. This latter allowance is the present subject of review.

Distress for rent in arrear is one of the most ancient, as well as one of the most efficient, of the landlord's remedies for the collection of rent. It is now, as it was at common law, a right belonging to the landlord whenever the relation of landlord and tenant exists. Its basis is the common law, although its exercise has been regulated by statute in most states. In re West Side Paper Company, 3 Cir., 162 F. 110, 15 Ann.Cas. 384. The only question now before this Court is to determine what are "all legitimate and reasonable costs incurred by the trustee in selling the property" against which the landlord had distrained prior to bankruptcy. The landlord is entitled to the whole sum realized from sale except those above-mentioned costs.

"Legitimate and reasonable costs" are those costs which the landlord would have incurred had he been allowed to pursue his common-law distress as preserved to him in Pennsylvania. These would be the cost of a clerk at the sale, advertising expenses, appraisers' fees, and constable's costs in connection with the sale. However, it here appears that before bankruptcy, the landlord had already had an appraisement made of this property. He should not have to bear the cost of two appraisements. Therefore, the appraisers appointed by the bankruptcy court here must look to the other assets of the bankrupt estate for payment; that is just, for their services as appraisers were rendered to the entire bankrupt estate, and not to this property alone.

It is therefore ordered that the recommendations of the referee, dated May 24, 1939, be, and the same are hereby, vacated, and the trustee is directed to pay the whole fund derived from the above sale, to the landlords, except the following, which are

936

hereby allowed as the actual costs of making the sale:

| | |
|---|---|
| R. J. O'Connell, Clerk at Sale | $ 5.00 |
| Llewellyn Bros., Printing notices of sale, and handbills | 13.50 |
| H. L. Gregory, posting notices of sale | 5.00 |
| Times Leader, advertising notices of sale | 16.40 |
| Robert Hay, Constable, costs in distraint of property on behalf of landlords | 34.30 |
| | $74.20 |

This leaves a balance of $875.80 to be paid to the landlords.