**Jay BICKEL, Trustee in Bankruptcy for the Estate of Stanley W. Todd, Bankrupt, Plaintiff,**

v.

**POLARIS INVESTMENT COMPANY, Inc., et al., Defendants.**

No. 7958.

District Court, Alaska
Fourth Division, Nome.

Oct. 15, 1957.

412

R. J. McNealy, Fairbanks, Alaska, for plaintiff.

George B. McNabb, Jr., Fairbanks, Alaska, for defendants.

HODGE, District Judge.

Plaintiff in this action seeks to recover the value of personal property alleged to have been transferred by Stanley W. Todd, Bankrupt, to the defendant Polaris Investment Company, within four months prior to the filing of a petition in bankruptcy against him. At a pre-trial conference it was admitted that the property in question, consisting of office furniture and a stock of goods, was seized by the defendant within four months of such bankruptcy upon distraint for past due rent of premises leased by the defendant to the bankrupt, which property and goods were simply taken from the premises and held by defendant without process for payment of the rent. The case was then submitted to the Court for determination as a matter of law upon these stipulated facts.

The sole question to be determined is whether or not such distraint is void or voidable by the Trustee in bankruptcy under the provisions of Sec. 67, sub. f of the Bankruptcy Act (Sec. 107, sub. a, Title 11 U.S.C.A.); or constituted a voidable preference under the provisions of Sec. 60 of the Bankruptcy Act (Sec. 96, subs. a, b, Title 11 U.S.C.A.).

It is settled that a landlord's lien obtained by distraint prior to bankruptcy is not one "obtained through legal proceedings" within the meaning of Sec. 67, sub. f of the Bankruptcy Act, and consequently is not voided by the bankruptcy of the tenant within four months of such distress or levy. Henderson v. Mayer, 225 U.S. 631, 638–640, 32 S.Ct. 699, 56 L.Ed. 1233; Lewis v. Fidelity & Deposit Co., 292 U.S. 559, 569, 54 S.Ct. 848, 78 L.Ed. 1245; City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; In re West Side Paper Co., 3 Cir., 162 F. 110; In re Mount Holly Paper Co., 3 Cir., 110 F.2d 220; In re C. J. Rowe & Bros., D.C., 18 F.2d 658; In re Zumberis, D.C., 24 F.Supp. 368; In re Edmonds, D.C., 27 F.Supp. 196; Id., D.C., 30 F.Supp. 934; In re

Kentucky Book Mfg. Co., D.C., 30 F. Supp. 400; In re Kocialek, D.C., 32 F. Supp. 228; In re Koizim, D.C., 52 F. Supp. 357.

We have no statutory landlord's lien in Alaska, nor any specific provision by statute for distress warrant proceedings by a landlord, as provided in some states. However, Sec. 2-1-2, A.C.L.A.1949, provides that so much of the common law as is applicable and not inconsistent with the Constitution of the United States or with any law passed by Congress or the Legislature of Alaska is adopted and declared to be the law in the Territory. And Sec. 22-1-3, A.C.L.A.1949, provides that in addition to the remedy provided to a landlord for recovery of rent accrued by action, landlords shall not be deprived of any other legal remedy for the recovery of their rents, "whether secured to them by their leases or provided by law".

■ Distress for rent in arrears is an ancient common law remedy which allows a landlord to go on the demised premises and seize property of the tenant therein for rent and hold it until the rent is paid. It is analogous to "distraint", which is a summary extra-judicial remedy having its origin in the common law, consisting of seizure and holding of personal property by independent action without the intervention of legal process, for the purpose of compelling payment of a debt. It involves the actual seizure of the property of the debtor to enforce payment of the obligation, and becomes effective upon such seizure. It depends upon the principle of possession and is distinguished from a lien upon the property of the tenant as security for rent; that is, it is in the nature of a lien, but confers no lien until the right of distress has been exercised, as was done in this case. 32 Am.Jur. 486, Sec. 613; Raffaele v. Granger, 3 Cir., 196 F.2d 620; 32 Am.Jur. 461, Sec. 564, 565, 567.

The decisions above enumerated make no distinction between a statutory landlord's lien and the right of distress or distraint recognized at common law. In fact the common law remedy is specifically recognized in some of these decisions. To quote from the West Side Paper Co. case, supra [162 F. 111],

> "Distress for rent in arrear, is one of the most ancient, as well as 'one of the most efficient of the landlord's remedies for the collection of rent.' It is in most of our states, as it was at common law, a right sui generis, belonging to the landlord whenever the relation of landlord and tenant existed. It appears to have been abolished in a few of the states, and in most of them its exercise has been regulated by statute. Its essential characteristics are, however, for the most part the same as existed at common law."

This language is quoted and adopted in the case of In re Edmonds, D.C., 30 F. Supp. 934, supra, and the case of In re Zumberis, supra. The same principle is recognized in the case of Lewis v. Fidelity & Deposit Co., supra [292 U.S. 559, 54 S.Ct. 852], wherein the Supreme Court said in passing upon another lien,

> "It resembles also those cases where, under the common law of distress or under a statutory lien, described by the courts as 'inchoate' or 'dormant,' a landlord, within four months of bankruptcy, seizing or levying upon whatever property was on the tenant's premises, was held to have a valid lien" (citing Henderson v. Mayer, supra; Richmond v. Bird, supra).

In Henderson v. Mayer, supra [225 U.S. 631, 32 S.Ct. 701], the Supreme Court in passing upon a statutory landlord's lien stated: "in this respect it is the full equivalent of a common-law distress—the lien of which is held not to be discharged by § 67f" (citing In re West Side Paper Co., supra).

Sec. 67, sub. f of the Bankruptcy Act has been amended since the decision in the West Side Paper Co. case, but the

language of the present section is substantially the same. In this connection it should also be noted that under the provisions of Sec. 67 as now constituted (Sec. 107, Subdivision c, Title 11 U.S. C.A.), liens created or recognized by the laws of any state on personal property not accompanied by possession of, or by levy upon or by sequestration or distraint of such property, shall not be valid against the Trustee. In this case the lien was accompanied by both possession and distraint of the property.

■ The right of distress by actual seizure of possession of the tenant's property upon demised premises must therefore be recognized; and it must further be held that such right is not void nor divested by Sec. 67, sub. f of the Bankruptcy Act.

■ It has also been held that a landlord's levy by distraint does not operate as a preference, as the effect of such distraint did not enable the landlord to obtain a greater percentage of his debt than some other creditor of the same class, there being only one landlord creditor. In re Belknap, D.C., 129 F. 646; Richmond Standard Steel, Spike & Iron Co. v. Allen, 4 Cir., 148 F. 657; In re Kentucky Book Mfg. Co., supra.

The matter of priority in payment of debts under Sec. 64 of the Bankruptcy Act (Sec. 104, Title 11 U.S.C.A.) is not here involved, as the question of such priority of payment is distinguished from a valid lien of distress. In re Goldstein, D.C., 34 F.Supp. 876; In re Jay & Dee Store, D.C., 39 F.Supp. 588; In re Edmonds, supra.

Plaintiff having failed to establish a legal claim against the defendant for recovery of the property involved or the value thereof, judgment may be entered in favor of the defendant, dismissing this action with prejudice. Upon agreement of counsel for the defendant, no costs or attorney fees will be taxed against the plaintiff.