**Judith HUNTER, in her capacity as Tax Collector of the City of Auburn, Auburn, Maine, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 13–32.

United States District Court,
D. Maine, S. D.
Dec. 18, 1972.

**6**

G. Curtis Webber, Auburn, Me., for plaintiff.

Peter Mills, U. S. Atty., Portland, Me., Harlan J. Choate, Regional Counsel, Small Business Administration, Augusta, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is an action brought by the Tax Collector of the City of Auburn, Maine, under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–02. Plaintiff seeks a declaration that the interest of the City of Auburn in certain vending machines is superior to that of the Small Business Administration, an agency of the United States government.

The essential facts have been stipulated. The machines in question were owned by Pioneer Corporation. On January 31, 1972, they were distrained by the City of Auburn, acting pursuant to 36 M.R.S.A. § 604, for Pioneer Corporation's unpaid 1970 personal property tax of $1250.20. The interest of the Small Business Administration arises under a chattel mortgage dated November 19, 1964 and a supplemental security agreement dated February 24, 1969, originally given by Pioneer Corporation to First Manufacturers National Bank of Lewiston and Auburn to secure a loan of $250,-000, and subsequently assigned on September 3 and October 20, 1970 to the Small Business Administration. All these instruments were duly recorded. On January 13, 1972, the mortgagor having defaulted on the loan, the Small Business Administration gave notice of default and of an intended private sale of the collateral covered by the mortgage and security agreement. The sale was to occur on January 31, 1972. On the latter date, before the sale was effected, a constable of the City of Auburn, acting under a distress warrant, seized and physically took possession of the machines to satisfy Pioneer Corporation's unpaid 1970 personal property tax. Subsequently, by agreement of the parties, the City released the property seized by it, and the present proceeding was brought to determine the relative priority of the interests of the City and the Small Business Administration in the machines. It is stipulated that if it is determined that the interest of the City is superior to that of the Small Business Administration, plaintiff is to have judgment for $1250.20; if not, judgment is to be entered for defendant.

The parties agree that the relative priority of their interests in the machines is governed by 15 U.S.C. § 646, which provides:

§ 646. *Liens*

Any interest held by the [Small Business] Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such

interest if such interest were held by any party other than the United States.

The question thus is whether, under Maine law, the interest of the City of Auburn in personal property which it holds under distraint for unpaid personal property taxes thereon is a lien on such property which would be superior to the interest of the holder of a previously recorded chattel mortgage and security agreement.

A similar question, identical except in one crucial respect, was before this Court in United States v. Town of Pittsfield, 302 F.Supp. 316 (D.Me.1969). In that case, the Court noted that while Maine statutory law creates a lien on real estate to secure the payment of taxes (36 M.R.S.A. § 552) and also creates a lien for taxes on personal property owned by non-residents (36 M.R.S.A. § 603(3)), the Maine statutes contain no comparable provision specifically creating a tax lien on personal property generally. In the absence of such a provision, the Court held that under the law of Maine taxes are not a lien upon personal property, but it added "before distraint is made." Id. at 319. In the present case, of course, distraint has been made, thus raising the issue left open by *Pittsfield*. For reasons which follow, the Court holds that by actual seizure of the machines under distraint proceedings, the City of Auburn acquired a lien in the property which was superior to the interest of the Small Business Administration.

36 M.R.S.A. § 604, under which the Tax Collector acted, provides:

§ 604. *Mortgaged personal property; taxes*

When personal property is mortgaged, pledged or conveyed with the seller retaining title for security purposes, it shall, for the purposes of taxation, be deemed the property of the person who has it in possession, and it may be distrained for the tax thereon.

As the Court noted in *Pittsfield*, the purpose of Section 604 is to determine to whom mortgaged personal property is taxable, and to authorize the collection of taxes on mortgaged personal property by distraint. The statute on its face is silent as to whether a lien arises once the distraint is accomplished, and there is no Maine case law on the point. There is little doubt, however, as to what the answer must be.

The right given municipalities under Maine law to distrain personal property for unpaid taxes closely parallels the common law right of a landlord to distrain his tenant's goods for unpaid rent. At common law, the landlord could distrain any goods found on the premises at the time of taking. Prior to the levy, he had only an inchoate right of distress, which was not a lien; but the actual seizure of the goods by distraint process gave rise to a lien. Henderson v. Mayer, 225 U.S. 631, 638, 32 S.Ct. 699, 56 L.Ed. 1233 (1912); Morgan v. Campbell, 22 Wall. 381, 390–391, 22 L.Ed. 796 (1874); In re Uni-Lab, Inc., 180 F.Supp. 176, 179 (W.D.Pa.1959), aff'd, 282 F.2d 123 (3rd Cir. 1960); In re West Side Paper Co., 162 F. 110 (3rd Cir. 1908); Bickel v. Polaris Investment Co., 155 F.Supp. 411, 17 Alaska 389 (D.Alaska 1957). And the landlord's lien arising from a distress took priority over the lien of a prior chattel mortgage or other security interest. Brunswick Corp. v. Long, 392 F.2d 337, 339–340 (4th Cir.), cert. denied, 391 U.S. 966, 88 S.Ct. 2036, 20 L. Ed.2d 879 (1968); In re Quaker City Uniform Co., 238 F.2d 155, 157–158 (3rd Cir. 1956). *See* 52 C.J.S. Landlord and Tenant § 681(c).

There is no indication that the Maine legislature, in giving the power of distress to the tax collector in Section 604, intended that the collector be in any different position from that of the landlord at common law. Indeed, the legislative history of Section 604 indicates an intention to provide the tax collector with all the rights of a common law distress. Prior to 1878, the predecessor of Section 604 provided only that mortgaged personal property for the purposes of

**8**

taxation be deemed the property of the person who has it in possession. Me. Rev.Stat., ch. 6, § 25 (1871). As such, no lien having been created, any claim for taxes due on the property would have been subordinate to the lien of the mortgage. But in 1878, the legislature added to the statute the present provision that "[the property] may be distrained for the tax thereon." Laws of Maine of 1878, ch. 77. Considering the common law rule that a distress created a lien which was superior to prior recorded mortgages, it seems apparent that the purpose of the amendment was to better protect the rights of the tax collector by authorizing him to levy upon the property and thereby to acquire an interest which could not be defeated by the prior mortgage. Thus, under the Maine statutory scheme, the collection of a tax on real estate is ensured by the express provision for a lien superior to all others. 36 M.R.S.A. § 552. But in the case of personal property taxes, where no lien has been provided by statute, the device adopted by the legislature to accomplish the same object was the right of distress as it existed at common law. Other states have similarly given the tax collector the right of distress for unpaid personal property taxes. United States v. Waddill Co., 323 U.S. 353, 359–360, 65 S.Ct. 304, 89 L.Ed. 294 (1945); Richmond v. Bird, 249 U.S. 174, 175, 39 S.Ct. 186, 63 L.Ed. 543 (1919); City of New Orleans v. Harrell, 134 F.2d 399, 400 (5th Cir. 1943); Maish v. Bird, 22 F. 180 (C.C.S.D.Iowa 1884).

The Court holds that, under the law of Maine, when the City of Auburn seized and physically took possession of the vending machines in question under a distress warrant, it acquired a lien in the machines which was superior to that of the prior chattel mortgage and security agreement held by the Small Business Administration. In accordance with the stipulation of the parties, judgment will be entered for the plaintiff against the defendant in the amount of $1250.20, with costs.

It is so ordered.