# Barnes's Appeal.

.1. Execution was issued and delivered to the sheriff July 2d ; proceedings in bankruptcy commenced on defendant's application July 26th, and he was adjudged a bankrupt the same day ; the sheriff levied July 29th, and same day the landlord of defendant gave notice that he claimed his rent from the proceeds of sale. *Held,* that he was entitled in preference to the assignee in bankruptcy.

2. The rent is a prior charge under the Act of June 16th 1836 (Execution), and the execution is for the benefit of the landlord.

3. Whenever an execution will carry a valid sale over the assignee in bankruptcy, it carries with it the claim for rent.

March 26th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Appeal by A. H. Barnes, assignee in bankruptcy of George H. Williams, from the Court of Common Pleas of *Warren county :* Of January Term 1874, No. 283. In the distribution of the proceeds of the sheriff's sale of the personal property of Williams.

On the 2d of July 1873, Samuel P. Johnson obtained a judgment in the Court of Common Pleas of Warren county, against Williams, who was then a tenant of E. N. Lacy of a mill property. On the same day an execution was issued on this judgment; the writ went into the sheriff's hands on the same day. On the 26th of July, Williams filed a petition to be declared a bankrupt, and on the same day he was adjudged a bankrupt. On the 29th of July a levy under Johnson's execution was made on personal property on the leased premises and on the same day, Lacy notified the sheriff that he claimed to receive from the sale $630.81 the amount of rent due him. On the 6th of August the goods were sold by the sheriff and after payment of Johnson's execution there remained $642.14, which was brought into court on the 23d of August; and September 8th, I. S. Alden, Esq., was appointed auditor to report distribution.

[Barnes's Appeal.]

On the 22d of September A. H. Barnes was appointed assignee in bankruptcy of Williams. The auditor, after deducting the expenses of the audit, awarded the remainder to Lacy the landlord in payment of his rent. Barnes, amongst other exceptions, filed the following to the report of the auditor.

3. The auditor erred in finding that the rent due E. N. Lacy from George H. Williams at time of levy in the above case was a lien on the property sold by virtue of the above writ found on the demised premises ; such a lien as was not affected by the proceedings in bankruptcy of George H. Williams.

4. The auditor erred in finding that E. N. Lacy is entitled to the fund now in court against the assignee of the estate of George H. Williams, bankrupt, for the reason that on the 26th day of July 1873, the time when the said Williams was declared bankrupt, Lacy had no such lien as gave him the right to the fund realized from the sale of property levied upon July 29th 1873, upon which day notice was first served upon the sheriff by Lacy to retain the amount due him, &c., as per notice filed with report.

The Court of Common Pleas (Vincent, J.) overruled the exceptions and decreed distribution in accordance with the auditor's report.

Barnes appealed to the Supreme Court and assigned the decree of distribution for error.

*G. Reeves*, for appellant.—If Lacy had no lien when the proceedings in bankruptcy commenced he could acquire no preference afterwards: In re Wynne, 4 Bankr. Rep. 5; Bump on Bankruptcy 186. A landlord has no lien independently of the Act of June 16th 1836, sects. 83, 85, Pamph. L. 777, 1 Br. Purd. 645, 646, pl. 51, 53 ; Sands *v.* Smith, 3 W. & S. 13. A landlord has no lien by virtue of his lease: Singerly *v.* Fox, 25 P. F. Smith 112. " *Taken by virtue of an execution,*" means levied on : Hoskins *v.* Houston, 4 Penna. Law Jour. 276 : Wickey *v.* Eyster, 8 P. F. Smith 501; Parker's Appeal, 5 Barr 395; Case *v.* Davis, 3 Harris 80.

*J. R. Clark*, for appellee.—The property sold was subject to distress for rent, this right was incident to the lease : 3 Bl. Com. 6, note. As long as goods remain on the demised premises the landlord will have the right to distrain, notwithstanding the bankruptcy of his lessee or tenant, and may realize all the arrears due under such distress: Ex parte Burly, 22 L. J. Bank. 26; James on Bankruptcy 93; Butler *v.* Morgan, 8 W. & S. 54; Ex parte Plummer, 1 Atkyns 103.

Chief Justice AGNEW delivered the opinion of the court, April 2d 1874.

[Barnes's Appeal.]

The effect of the 83d, 84th and 85th sections of the Act of 16th June 1836, is to create a charge in favor of the landlord for rent not exceeding one years' upon the goods liable to the distress of the landlord for this rent in and upon the demised premises at the time of taking such goods in execution. After the sale the officer is required to pay the rent first out of the proceeds and apply the surplus only to the execution, and in case of the insufficiency of the proceeds to pay the rent and all the costs, the same costs only shall be allowed as would have to be paid in case of a sale under distress. Moreover after a levy on goods liable to distress the plaintiff in the execution cannot stay proceedings without the consent of the landlord first had in writing. Thus call the charge a lien, or by any other name, it is clear the rent of the landlord is a prior charge by law, and the sale under execution is for the benefit of the landlord. Whenever, therefore, the writ of execution will carry a valid sale over the head of the assignee in bankruptcy, it is evident it carries with it the landlord's claim for his rent. The state law makes it a valid charge prior to the right of the execution-creditor, so that his precedence over the assignee in bankruptcy necessarily lifts up the precedent rent above him also.

Decree affirmed with costs and appeal dismissed.