# Colvin, Appellant, *v*. White.

*Assignment for creditors—Recording assignment.*

An assignment for the benefit of creditors by a resident of Pennsylvania, not recorded in the county in which the assignor resides within thirty days after execution thereof, is, under the act of March 24, 1818, void as to cred-itors, and both the real and personal property of the assignor may be taken in execution by creditors, without regard to the assignment.

Argued May 14, 1901.  Appeal, No. 156, Jan. T., 1901, by F. E. Colvin, John S. Weller and H. M. Norton, Trustees for sundry beneficiaries in judgment entered in the court of common pleas of Bedford county to No. 28, November term 1893, fi. fa. No. 15, November term 1893, versus John K. White and George B. White and J. K. & G. B. White, trading as part-ners from decree of the said court making distribution in the assigned estate of said J. K. White and G. B. White of the funds in the hands of J. J. Hoblitzell and M. H. Hartzell, as-signees of the said J. K. White and G. B. White.  Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.  Re-versed.

Exceptions to auditor's report.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in affirming auditor's report.

*John M. Reynolds*, for appellants.—The deed of a Pennsyl-vania assignor recorded in Virginia is of no effect over property in Pennsylvania.

The conclusions of the learned judge are untenable under the law and facts of this case.  Because it has been found by the auditor and approved by the court that no deed was delivered for Pennsylvania, and none was ever intended to take effect here.  Clearly to our mind even if the deeds were in the general form used in the state of Pennsylvania, the auditor sitting as a chancellor in this case to administer equity would give due effect to the deeds in accordance with the intention of the as-signors : Wanner v. Landis, 137 Pa. 61; Phillips v. Meily, 106

Pa. 543; Ott v. Oyer's Executrix, 106 Pa. 17; Kostenbader v. Peters, 80 Pa. 438.

In order to complete the transfer intended by the assignments it is necessary not only that the instrument should be executed with all the requisite formalities but that it should be actually delivered to the assignee: Burrill on Assignments (6th ed.), 301; Brackett v. Barney, 28 N. Y. 333; Truss v. Davidson, 90 Ala. 359; Golden's Appeal, 110 Pa. 581.

The recording of the instrument must be in accordance with the requirements of the statutes which authorize it in order to effect parties with notice. If the statute does not authorize a registration of a certified copy of the deed, such registration is a nullity: Stevens v. Brown, 3 Vt. 420.

If a deed has been recorded in the wrong county, and a copy of such record has been recorded in the proper county, the record of the copy cannot avail as notice to subsequent purchaser. This rule arises upon the ground that said copy is not entitled to be recorded, and hence conveys no notice: Pollard v. Lively, 2 Grattan (Va.), 216; Lewis v. Baird, 3 McLean (U. S.), 56; Lund v. Rice, 9 Minn. 230; Oatman v. Fowler, 43 Vt. 462.

If not recorded within thirty days, the deed is null and void as to any creditor electing so to treat it: Mitchell v. Gendell, 7 Phila. 107; Taylor's Est., 4 Pa. 280; Stewart v. McMinn, 5 W. & S. 100; Burke's Est., 1 Parsons, 470; Weber v. Samuel, 7 Pa. 522; Hennessy v. Western Bank, 6 W. & S. 311; Watson v. Bagaley & Smith, 12 Pa. 164; Wallace & Krebs v. Wainwright & Co., 87 Pa. 263; Driesbach v. Becker, 34 Pa. 153.

*John H. Jordan,* with him *Frank Fletcher* and *Alvin L. Little,* for appellees.—A voluntary assignment for the benefit of creditors which is valid by the law of assignors' domicile is sufficient of itself to pass title to the insolvent's personal estate wheresoever situate and the deed, without recording, is effective as against the assignor: Smith's App., 104 Pa. 381.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The firm of J. K. & G. B. White, of Bedford county, Pennsylvania, upon August 17, 1893, executed three deeds of assignment, one being intended for use in the state of Maryland, one

for the state of Virginia, and one for Pennsylvania. The deed intended for Maryland was entered for record there August 18, 1893, but became void for lack of any bond being filed by the assignees, as required by the law of that state. The deed for Virginia was recorded on August 19, 1893, and the deed of assignment for Pennsylvania was not delivered to the assignees at all, but was retained by the assignors, and, within a period of five days from its execution, was destroyed. Neither creditors, nor the assignees named in the deed, had any knowledge of the transaction. Both the auditor, and the learned court below, have found, as a fact " that it was the intention of the assignors at the time of making these deeds that each one, when delivered, should be operative in the state for which it was intended."

On September 11, 1893, the Whites confessed judgment in favor of certain creditors, to Colvin, Weller and Norton as trustees, and these judgments were at once entered at Nos. 28 and 29, November term, 1893. No question is raised as to the validity of these judgments. The auditor's finding of fact in this respect, being as follows, in finding 14: " The judgments confessed to Nos. 28 and 29, November term, 1893, represented bona fide existing debts owing at the time by the said John K. and George B. White."

An execution was issued at No. 28, November term, 1893, and a levy made upon the personal property. Neither deed of assignment was recorded in the county of the assignors' residence within thirty days after the execution thereof; but the Virginia deed, having come into possession of the assignees, was, upon October 5, 1893, under an order of court, recorded in the office for recording of deeds in Bedford county, Pennsylvania. By agreement of all parties interested, the personal property was sold, and the proceeds brought into court for distribution.

The learned court below held that there was no valid assignment for the benefit of creditors which antedated the lien of the trust judgments, in so far as the fund arising out of the sale of real estate was concerned. But as to the proceeds of the personal property, it was considered that the title was vested in the assignees, under the deed of assignment executed for use in the state of Virginia, and recorded there. The lien of the execution issued under the trust judgment was, therefore, ignored

by the court in making distribution of the fund arising from the sale of the personal property. The result was, to clothe with validity in Pennsylvania an assignment made for the benefit of creditors by a resident of Pennsylvania, but not recorded in the county in which the assignors resided, within thirty days after the execution thereof; and this, notwithstanding the avowed intent of the assignors to confine the operation of the deed of assignment to the state of Virginia. In other words, while the assignment was held to be void as to the real estate in Pennsylvania, it was considered valid and effective as to the personal property.

We are unable to see any good reason, for the distinction. The whole matter is governed by the law of Pennsylvania. The act of March 24, 1818, is explicit in its statement that " All assignments . . . . which shall not be recorded in the office for the recording of deeds in the county in which such assignor resides, within thirty days after the execution thereof, shall be considered null and void as against any of the creditors of a said assignor. " The act is construed in Seal v. Duffy, 4 Pa. 280, where it is said : " The language is ' as against any of the creditors' by which is to be understood, as against any who may elect to make the objection in the only effective mode in which it can be made, viz : by judgment and execution levied. It puts it in the power of any creditor to avoid the conveyance, so far as he is concerned, and no further."

Applying this principle to the case in hand, the creditors represented by the trust judgment have power to avoid the conveyance, so far as they are concerned. This they have done effectively, by means of the judgment entered at No. 28, November term, 1893, and the execution issued thereunder and levied upon the personal property. This is the clear result, even if we go so far as to allow to the Virginia deed the full force and effect of an assignment for the benefit of creditors, made in Pennsylvania. The assignors are residents of Pennsylvania. The property is in Pennsylvania. Certainly, then the proceedings must conform to the statutory requirements of the state of Pennsylvania.

Measured by this test, the assignment which was executed August 17, 1893, and not recorded in Bedford county, Pennsylvania, until October 5, 1893, must be considered ineffective

as against the creditors represented by the trust judgment. We are constrained, therefore, to sustain the specifications of error. The proceeds of the personal estate should be awarded to the execution creditors, represented by the judgment at No. 28, November term, 1893. The decree in distribution is, therefore, modified to that extent, and the record is remitted for the purpose of distribution accordingly.