## In re BARNHART.

(District Court, M. D. Pennsylvania. March 5, 1925.)

No. 4628.

**1. Bankruptcy ⬚350—Landlord held to have preferred claim for rent under Pennsylvania statute.**

Under Act July 17, 1919 (P. L. 1029; Pa. St. 1920, § 13698), providing that, in case of insolvency or bankruptcy of a tenant, the landlord shall have a preferred claim on the proceeds of goods on the demised premises, which are liable to distraint for rent, for not exceeding one year's accrued rent, he does not lose such right because at the time of bankruptcy the goods were in the hands of the sheriff under an execution issued on a judgment obtained by him for such rent.

**2. Landlord and tenant ⬚254(2) — Right of landlord to distrain not affected by recovery of judgment against tenant for rent.**

Under the law of Pennsylvania, as settled by decision, a landlord is entitled to subject goods of the tenant on the demised premises to payment of rent as a matter of right, and he does not lose the right to distrain for rent by obtaining judgment against the tenant for the same rent.

In Bankruptcy. In the matter of Jacob Barnhart, bankrupt. On review of order of referee disallowing claim for rent as a preferred claim. Reversed and rendered.

C. M. Aylesworth, of Nanticoke, Pa., for trustee.

Thomas Butkiewicz, of Wilkes-Barre, Pa., for exceptants.

WITMER, District Judge. The claim of the bankrupt's landlord is for 11 months' rent which accrued during the year preceding the filing of the creditors' petition. The referee refused to allow this as a preferred claim. Her decision and order is here for review.

The referee found that judgment was entered on the 19th day of January, 1924, in the court of common pleas of Luzerne county, by authority of a written lease between the bankrupt and his landlord, for the amount of $1,100, being the rent in dispute, and that a writ of fieri facias was placed in the hands of the sheriff, whereon levy was made, and the bankrupt's property was found in the hands of the sheriff when the petition in bankruptcy was filed. The filing of the petition operated as a stay, and the bankruptcy court took the property for administration and distribution among the creditors of the bankrupt.

[1] The referee found that "the landlord's claim is for 11 months' rent, which under Bankruptcy Law, § 64b (5) being Comp. St. § 9648, and the law of the state of Pennsylvania becomes a priority claim by act of law." But she later held that the right to priority was lost, because the landlord "may not have concurrent rights." Having exercised his choice, she concludes that, because "at the time of the institution of the bankruptcy proceedings the goods and chattels of Barnhart upon the demised premises were in the hands of the sheriff, they were not liable to distress by the landlord for rent, and therefore the landlord could not have a priority claim upon the proceeds of the sale of the goods now in the hands of the trustee." This conclusion necessarily arises, she indicates, since the provisions of the Pennsylvania act of 1919 (P. L. 1029; Pa. St. 1920, § 13698), are to the effect "that in all cases where a tenant or tenants become insolvent, and any assignment for the benefit of creditors is executed, or a receiver is legally appointed for, or bankruptcy or other insolvency proceedings are instituted either by or against the tenant or tenants, covering goods and chattels upon demised premises and which are liable to distress by the landlord for rent, the landlord shall be first entitled to receive out of the proceeds of the sale of such goods and chattels by the legal representatives of the tenant any sum or sums of money due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceedings, not exceeding one year's rent."

The conclusion of the referee cannot be sustained. She no doubt fell into error by confusing the character impressed on the tenant's goods, by reason of the landlord's claim, with the means that may not be employed when the same are under execution for sale. The provisions of the act quoted do not have to do with procedure. It is provided that as a matter of right, by reason of the impress of the landlord's claim upon the goods, he shall be first entitled to have his money out of the proceeds of sale thereof; that is, "covering goods and chattels upon the demised premises and which are liable to distress by the landlord for rent." This liability to distress is the precondition to the landlord's claim upon them. It must exist when the levy is made under the execution. In the instant case it did exist, and the landlord then had a priority claim, and such was the nature of his claim when bankruptcy ensued. That there could be no distraint of the goods then, because it was al-

ready in the hands of the law, is not of importance. The goods were then so impressed as to give the landlord the first claim upon the proceeds, though there could be no proceeding having aim to take the same out of the sheriff's hands.

[2] Nor did the adoption by the landlord of the means within his power of making his money by entry of judgment and execution in preference to his right of distress by warrant change his right of a prior claim. The case of Bantleon v. Smith, 2 Bin. 146, 4 Am. Dec. 430, determines that, where the proprietor of a ground rent obtains a judgment in covenant for the arrears, and sells the land, he is entitled to be paid out of the proceeds, the whole of the rent in arrear, as well such as accrued before the judgment as after, in preference to other incumbrances. And where the proprietor of a ground rent has taken a bond, and entered up judgment upon it, he is entitled to a preference over other incumbrances. Gordon v. Correy, 5 Binney, 552.

So also it was said by Judge Hallowell (Shetsline v. Keemle, 1 Ashm. Reports, 29), in answering the question, first, "whether after a landlord has obtained judgment before a justice of the peace, upon award of referees, for a sum less than twenty dollars, and special bail has been entered for the stay of execution, he may legally distrain upon the tenant for the same rent, for which judgment has been rendered"; "On a close and careful examination of all the cases cited on both sides, we are clearly of opinion in the affirmative on the first point submitted. The principles adopted by the Court of King's Bench in England, in Drake v. Mitchell, 3 East, 258, and by our Supreme Court, in Bantleon v. Smith, 2 Binney, 146, appear to go the whole length of settling the law, that in cases of rent, the remedy by distress is not taken away by an action of debt for the same rent, and judgment obtained thereon without actual satisfaction. The cases cited for the plaintiff, were 1 Co. Litt. 144b, 145; 11 Mod. 23; 1 Chitty's Plead. 97, citing 6 Rep. 44; 5 Comyn's Dig. tit. Pleader, 3 K, 20, p. 745; 2 Browne, 27; 12 Mod. 659; 1 Ld. Raym. 719; 1 Salk. 248. Most of them were examined; and the principles of them all investigated, in the case of Bantleon v. Smith, and that investigation led to the result produced by the decision of that case."

The decision of the referee is reversed, and the order entered disallowing the landlord's claim as a preferred claim is set aside. The claim is allowed as presented, and distribution is accordingly ordered.