## In re CELIAN.

### No. 12202.

District Court, E. D. Pennsylvania.

Jan. 10, 1930.

Nathan L. Edelstein, of Philadelphia, Pa., for landlord.

Bernard A. Illoway, of Philadelphia, Pa., for trustee.

KIRKPATRICK, District Judge.

The bankrupt was tenant of a storeroom on South Thirteenth street, Philadelphia, which he held under a five-year lease beginning October 1, 1927, the rental being payable in equal monthly installments in advance on the 1st day of each month. He was in default as to the payment due June 1, 1929, as well as two prior installments. On June 10, 1929, a petition in bankruptcy was filed against him and a receiver appointed. The receiver occupied the premises from June 10 to June 27th, and then apparently surrendered the lease. The landlord filed a proof of claim against the bankrupt estate for the portion of the June rent covering the period from June 1 to June 10th, which claim, under the law of Pennsylvania, was entitled to a preference. He also filed a claim against the receiver for use and occupation of the premises from June 10 to June 29th, inclusive. The referee disallowed the claim against the receiver for use and occupation and gave leave to the landlord to file an amended proof of claim against the bankrupt estate for rent for the entire month of June.

■■ On June 1, the tenant was in default but was in possession of the premises. By the sixteenth paragraph of the lease, the leasehold could have been terminated at the option of the lessor upon this or any other default. The landlord, however, did not elect to avail himself of this right. There was nothing in the lease which required him to do so, or which automatically terminated the lease upon failure to pay rent. The landlord

on June 1st had the right to allow the lease to remain in force and accept the tenant's obligation to pay the rent (secured by his preference under the law of Pennsylvania in event of the tenant's bankruptcy). This is what he did. We are not concerned with the question whether his election on the 1st of June gave the tenant the right to remain for the full month because so far as appears from the record, the landlord did not at any time elect to terminate the lease before the end of June. The point is that on the 10th of June, when the receiver was appointed, the tenant still had the right of possession for the entire month of June. To this right the receiver succeeded. By virtue of it he was entitled to occupy the premises until the end of June or possibly until the landlord declared the lease forfeited as of an earlier date (as such forfeiture apparently was not declared this latter point is not material). For such possession he was not liable to pay the value, nor may the amount be claimed against him for use and occupation as an expense of preserving the estate.

I am aware that by paragraph 7 of the lease the tenant's bankruptcy was an assignment within the meaning of the lease and consequently a breach of condition of the lease, but paragraph 16 providing for the landlord's option to terminate upon breach of condition applies to this as well, and I find nothing which automatically terminates the lease upon bankruptcy. It will be noted that paragraph 8 provides that in the event of assignment the tenant shall remain liable for the rent.

The order of the referee is affirmed.