## In re KOCIALEK.

### No. 10027.

District Court, M. D. Pennsylvania.

March 28, 1940.

Alexander J. Laffey, of Wilkes Barre, Pa., for bankrupt.

Joseph L. O'Donnell, of Wilkes Barre, Pa., for respondent.

Reynolds & Reynolds, of Wilkes Barre, Pa., for trustee.

WATSON, District Judge.

This case is before the court for the determination of a petition to review an order of the referee in bankruptcy directing William H. Moss, constable, to turn over to the trustee the proceeds of

a sale of certain property on the premises of the bankrupt on which he was a tenant.

On September 1, 1939, the bankrupt owed rent under a lease dated April 30, 1939, in the sum of $1,240. On that date, a distress warrant was directed by the landlord to the petitioner, William H. Moss, constable, who made a levy on all the personal property on the leased premises. This levy was also made on September 1, 1939. On September 6, 1939, the bankrupt filed a voluntary petition in bankruptcy in this court and was adjudicated. On the same day a restraining order was issued to restrain the landlord from proceeding with his warrant of distress. Thereafter, by agreement of counsel, the restraining order was vacated and set aside and Moss proceeded to sell the property upon which he had made his levy for the sum of $242. The sale took place on September 29, 1939, and on the same day the referee, on petition of trustee, made an order directing Moss to turn over the proceeds of the sale to the trustee. It is this order which is now before the court on petition to review.

The referee relied upon Subdivision c of Section 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, for his authority for making the order. Subdivision c of Section 67 reads as follows: "c. Where not enforced by sale before the filing of a petition in bankruptcy, or of an original petition under chapter X, XI, XII [10, 11, 12], or XIII [13] of this Act [title], though valid under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or subdivision thereof, on personal property not accompanied by possession of such property, and liens whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 [104] of this Act [title], and, except as against other liens, such liens for wages or for rent shall be restricted in the amount of their payment to the same extent as provided for wages and rent respectively in subdivision a of section 64 [104] of this Act [title]."

The nature of a landlord's lien under the law of Pennsylvania was determined, in connection with section 67 sub. f of the Bankruptcy Act prior to the 1938 amendment, 11 U.S.C.A. § 107, sub. f, in the case of In re West Side Paper Co., 3 Cir., 162 F. 110, 111, 15 Ann.Cas. 384.' The court said: "The right to distrain or levy upon all the goods upon the demised premises, whether those of the tenant or of a stranger, arises the moment the relation of landlord and tenant is established. It is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant. It was originally in the nature of a property right in the reditus or return from the land, reserved to the landlord. No suit or proceeding at law, whether in personam or in rem, in the proper sense of those words, was necessary for the assertion of this right. It belongs to that small category of personal rights, the assertion of which has always been independent of legal procedure; of which the right to abate a nuisance, under certain circumstances, and the right to distrain cattle damage feasant, are examples.

"While there is no specific lien, except on the goods actually distrained under the landlord's warrant, all the goods on the demised premises are to be considered as being under a quasi pledge, which gives superiority to the specific lien established by the distraint. Such a lien is in no sense 'obtained through legal proceedings.' Nor is it within the spirit of the bankrupt law in this regard, as evidenced by other provisions thereof, as well as that of 67 [sub.] f, above quoted."

The seizure of the goods on the premises by the landlord through his agent Moss was only the taking of that which had been pledged to him. This procedure does not require the power, jurisdiction, or procedure of a court of law.

It must be clear that in the case now under consideration, there was no lien of distress for rent, but there was a procedure by distress warrant commenced prior to the filing of the bankruptcy petition to enforce a valid landlord's lien which was more than four (4) months old at the date of the bankruptcy, and was not under the jurisdiction of the bankruptcy court. Straton et al. v. New, Trustee in Bankruptcy et al., 283 U.S. at page 318, 51 S.Ct. 465, 75 L.Ed. 1060.

It necessarily follows that the referee never had jurisdiction of the goods on the demised premises, or of the money derived from the sale thereof, and the mak-

ing of the order complained of was improper, and the order of the referee must be reversed.

Now, March 28, 1940, the order of the referee in bankruptcy, dated September 29th, 1939, which is now before the court on petition for review, is reversed, and the order is vacated and set aside.