## In re GOLDSTEIN et al.

### Claim of MAX SCHERMER, Inc.

No. 21066.

District Court, E. D. Pennsylvania.

Sept. 9, 1940.

Charles S. Schermer and Leopold Mamolen, both of Philadelphia, Pa., for petitioner-claimant.

Illoway & Fischer, of Philadelphia, Pa., for trustee.

BARD, District Judge.

This is a petition for review of the order of the referee denying priority to the petitioner-landlord's claim for unpaid rent accrued within three months of bankruptcy and allowing the claim merely as that of a general creditor.

The facts are not in dispute. On October 4, 1939, the bankrupts, Mike Goldstein and Louis H. Titus, trading as Goldstein & Titus, while indebted for several months' rent to the petitioner, Max Schermer, Inc., made an assignment for the benefit of creditors and, on the same day, the assignee caused the physical assets and merchandise to be removed from the landlord's premises, namely, 647 Bainbridge St., Philadelphia, Pa., to an auction house. On October 5, 1939, the petitioner-landlord distrained upon fixtures on the premises which had not been removed by the assignee. On October 6, 1939, an involuntary petition in bankruptcy was filed against the partnership alleging the insolvency of the firm and the commission of an act of bankruptcy by the general assignment for the benefit of creditors made the previous day. The bankruptcy receiver forthwith took possession of the bankrupts' goods, still in the auction house, and, under order of the court, caused them to be liquidated at public auction, thereby creating the fund now in the hands of the trustee. The fixtures, of little value according to the petitioner, were not sold by the receiver, being allowed to remain on the premises in consideration of the landlord's waiver of any claim for use and occupation by the receiver, and it appears agreed that they are not to be considered in reach-

ing an adjudication in the instant controversy.

Petitioner filed a proof of claim in the amount of $502.13 on account of unpaid rent, seeking priority in the sum of $345 for the rent accruing within three months of bankruptcy. To the latter claim of priority, the trustee filed his objections which were upheld by the referee on the ground that "Inasmuch as the landlord in the instant case had not acquired a lien by distraint under the law of Pennsylvania at the institution of bankruptcy proceedings herein and forasmuch as the tenants' goods and merchandise were not upon the landlord's premises at the commencement of the bankruptcy proceedings, they have been physically removed from said premises at least two days prior to the filing of the petition in bankruptcy herein, the claimant has no right of priority in distribution under the state law and consequently has none under the Bankruptcy Act as amended." However, the entire claim, as filed, was allowed as that of a general creditor. Thereupon, the landlord filed a petition for review of the foregoing order.

An examination of the governing statutory provisions compels the conclusion that the order of the referee cannot be sustained.

Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, enumerates those debts which are to have priority in the distribution of the assets of the bankrupt estate after specific lien claims have been satisfied but before dividends are paid to other creditors. Fifth in such order of priority is "* * * rent owing to a landlord who is entitled to priority by applicable State law: Provided, however, That such priority for rent to a landlord shall be restricted to the rent which is legally due and owing for the actual use and occupancy of the premises affected, and which accrued within three months before the date of bankruptcy." Section 64, sub. a(5), 11 U.S.C.A. § 104, sub. a (5).

From an early date, the Pennsylvania legislature has enacted various statutes designed to protect a landlord who was entitled to distrain upon chattels on the demised premises when they were levied upon under execution, Act of March 21, 1772, 1 Sm.L. 370, Act of June 16, 1836, P.L. 755, Sec. 83, 68 P.S. § 321, or when the tenant made an assignment for the benefit of creditors, Act of May 26, 1891, P.L. 122, Sec. 1, 39 P.S. § 216 (now repealed), or when the insolvent tenant executed an assignment for the benefit of creditors, or a receiver was appointed for him or bankruptcy proceedings intervened, Act of July 17, 1919, P.L. 1029, Sec. 1, 39 P.S. § 96. The latter act, applicable herein, provides: "In all cases where a tenant or tenants become insolvent, and any assignment for the benefit of creditors is executed, or a receiver is legally appointed for, or bankruptcy or other insolvency proceedings are instituted either by or against the tenant or tenants, covering goods and chattels upon demised premises and which are liable to distress by the landlord for rent, the landlord shall be first entitled to receive out of the proceeds of the sale of such goods and chattels by the legal representatives of the tenant any sum or sums of money due the landlord for rent of such demised premises at the time of the institution of the receivership or insolvency proceedings, not exceeding one year's rent * * *."

The phrase "goods and chattels upon demised premises and which are liable to distress by the landlord for rent" is substantially the same as that in the Act of 1836 and, in this respect, the two statutes have received identical constructions. In this regard, the decisions are unanimous to the effect that in order that the landlord's claim be entitled to priority from the proceeds of the sale of the chattels involved, it is not necessary that the landlord should have distrained upon the goods prior to the levy, assignment, receivership or bankruptcy. If the goods were upon the demised premises liable to the distress of the landlord at the occurrence of any of the foregoing events, the Pennsylvania statutes charge the proceeds with prior payment of the landlord's claim for rent not exceeding one year. Longstreth v. Pennock, 1874, 20 Wall. 575, 87 U.S. 575, 22 L.Ed. 451; In the Matter of Mount Holly Paper Co., 3 Cir., 1940, 110 F.2d 220; Rosenblum v. Uber, 3 Cir., 1919, 256 F. 584; In re Pittsburgh Drug Co., D.C.W.D.Pa., 1908, 164 F. 482; In re Delaney, D.C.E.D.Pa., 1918, 251 F. 425; In re Barnhart, D.C.M.D.Pa., 1925, 4 F.2d 269; Moss' Appeal, 1860, 35 Pa. 162; Barnes' Appeal, 1874, 76 Pa. 50; Lane v. Washington Hotel Co., 1899, 190 Pa. 230, 42 A. 697; Grayson v. Aiman, Inc., 1916, 252 Pa. 461, 97 A. 695;

Stewart v. Presto Mfg. Co., Common Pleas Allegheny County, 1933, 19 Pa.Dist. & Co.R. 174. Nor does the fact that the chattels here were removed from the premises by the assignee prior to the institution of the bankruptcy proceedings alter this result. The goods and merchandise were on the premises liable to the distress of the landlord when seized by the assignee and, thereupon, became impressed with the landlord's right to priority in the distribution of the proceeds of their sale; nor was this charge or priority existing for the benefit of the landlord and recognized by Section 64, sub. a (5) of the Bankruptcy Act, nullified by the tenants' subsequent bankruptcy, Cf. In re Barnhart, supra; In re Pittsburgh Drug Co., supra; Barnes' Appeal, supra. The landlord's priority under the Act of 1919, supra, being established by either an assignment for the benefit of creditors or the intervention of bankruptcy, it would be a strained legalism to hold that where both events have occurred and the proceeding in bankruptcy follows the assignment, it was the intent of the Pennsylvania legislature that the existing charge be divested.

■ In reaching the opposite conclusion, the referee declared: "The mere contract of lease and the unexercised right to distrain does not create a secret lien upon the property which had been on the landlord's premises prior to bankruptcy." In this connection, it must be reiterated that the question of priority under Section 64, sub. a(5) of the Bankruptcy Act is entirely separate from that of the enforcement of valid liens in bankruptcy. See H.R.Rep. No. 1409, 75th Cong., 1st Sess. (1937), pp. 15, 16. A landlord's lien obtained by distraint prior to bankruptcy is not one obtained by "legal or equitable process" and therefore is not divested by Section 67, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. Sec. 107, sub. a(1), upon the occurrence of the tenant's bankruptcy within four months. Henderson v. Mayer, 1912, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233; In re West Side Paper Co., 3 Cir., 1908, 162 F. 110, 15 Ann.Cas. 384; In the Matter of Mount Holly Paper Co., supra. Prior to the Chandler Act,

where such a lien was created, the landlord was entitled to payment in full out of the encumbered property without regard to the priorities in distribution enumerated by Section 64. In re Edmunds, D.C.M.D.Pa., 1939, 27 F.Supp. 196. At present, by virtue of Section 67, sub. c of the Chandler Act, 11 U.S.C.A. Sec. 107, sub. c. where such a lien is not enforced by a sale prior to the filing of the petition, though valid, the lien of distress for rent is postponed in payment to the debts enumerated in clauses (1) and (2) of subdivision a of Section 64, and is restricted in the amount of its payment to the same extent as that provided for rent priorities under Section 64, sub. a(5), namely, to rent accrued within three months before bankruptcy. Even so, a valid lien of distress is in an entirely different category than a priority or charge for rent existing under state law and is not to be considered, as to priority of payment, as falling within the purview of Section 64, sub. a(5) of the Bankruptcy Act.

■ Finally, in the brief of the trustee, it is argued that the assignment for the benefit of creditors not having been recorded, it was a complete nullity, Colvin v. White, 1901, 200 Pa. 277, 49 A. 765, being cited for this proposition. However, it is to be observed that the Colvin case was decided under the Act of March 24, 1818, P.L. 285, 39 P.S. § 199, which was repealed by Section 42 of the Act of June 4, 1901, P.L. 404. Section 10 of the latter statute, 39 P.S. § 39, provides today that "A failure to record shall not in any manner affect the assignment * * *"; nor is this portion of the Pennsylvania assignment statute suspended by the National Bankruptcy Act. Johnson v. Star, 1933, 287 U.S. 527, 53 S.Ct. 265, 77 L.Ed. 473; Fidelity Trust Co. v. Union National Bank of Pittsburgh, 1933, 313 Pa. 467, 169 A. 209. The failure to record could not operate to preclude the application of the Act of 1919, supra.

Accordingly, the order of the referee is reversed and the case remanded, with directions to allow the petitioner's claim for priority under Section 64, sub. a(5) of the Bankruptcy Act.