In re JAY & DEE STORE CO.
No. 21179.

District Court, E. D. Pennsylvania.
March 19, 1941.

H. Eugene Gardner, of Philadelphia, Pa., for landlord.

. 990

Wexler & Weisman, of Philadelphia, Pa., for trustee.

Before KIRKPATRICK, GEORGE A. WELSH, KALODNER, BARD, and GANEY, District Judges.

WELSH, District Judge.

This matter is before the Court on a certificate for review of the referee's order denying priority of a landlord's claim. On December 27, 1939, the landlord distrained upon the goods of the bankrupt at 24 South 15th Street, Philadelphia, Pennsylvania. The premises had been leased to Jacob and David Finkelman but were occupied by the bankrupt corporation, of which the lessees were officers. On January 9, 1940, one day before the constable's sale under the distress was scheduled, a bankruptcy petition was filed as a result of which an order restraining creditors and appointing a receiver was entered. The receiver took possession of the bankrupt's goods and sold them at public auction for the total price of $918.90. The landlord now claims that sum, less only the auctioneer's charges, by virtue of the statutory priority granted under the Pennsylvania Acts of March 21, 1772, 1 Smiths Laws 370, and June 16, 1836, P.L. 755, § 83, 68 P.S.Pa. § 321. The referee, however, held that the landlord is only entitled to priority after payment of administration costs and wages, as limited in the Bankruptcy Act, which exceed the amount available for distribution.

The sections of the Chandler Act, 11 U.S.C.A. §§ 104, sub. a, 107, sub. c, applicable to landlord's claims provide as follows:

(64, sub. a) "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of the bankrupt estates, and the order of payment, shall be" (1) costs (2) wages (3) creditors' costs (4) taxes (5) debts entitled to priority under federal laws "and rent owing to a landlord who is entitled to priority by applicable State law: Provided, however, that such priority for rent to a landlord shall be restricted to the rent which is legally due and owing for the actual use and occupancy of the premises affected, and which accrued within three months before the date of bankruptcy."

(67, sub. a) "Every lien against the property of a person obtained by * * * legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy * * * shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud * * * *."

(67, sub. b) "Statutory liens in favor of * * * landlords * * * created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy."

(67, sub. c) "Where not enforced by sale before the filing of a petition in bankruptcy * * * though valid under subdivision b of this section, statutory liens * * * on personal property not accompanied by possession of such property, and liens whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 [104 of this title], and * * * such liens for * * * rent shall be restricted in the amount of their payment to the same extent as provided * * * in subdivision a of section 64 [104] of the Act [this title]."

To summarize those sections, we find that 64, sub. a specifies the order of payment, 67, sub. a declares all liens based upon legal process invalid under certain conditions, 67, sub. b expressly excepts landlord's statutory liens from the operation of 67, sub. a, and 67, sub. c imposes new limitations upon the payment of landlord's liens where they have not been enforced by sale prior to the filing of the petition in bankruptcy. Applying them to rent claims, it appears that they are fifth in the order of priority and are limited to the three months prior to bankruptcy. Where such claim constitutes a lien under state law, it is valid against the trustee even though it arose or was perfected within four months prior to bankruptcy, such lien not being founded on any legal or equitable process. Henderson, Trustee, v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233. But if a statutory lien has not been enforced by sale or distress prior to bankruptcy, then the lien shall be paid only after payment of costs and wages, and in an amount covering the three months prior to bankruptcy.

Prior to the Chandler Act, a landlord was entitled to priority to the extent of one year's rent over the costs of administration (Shalet v. Klauder, 3 Cir., 34 F.2d 594), and over wage claims. In re Curran's Restaurant & Baking Co., D.C., 11 F.Supp. 8. Since the passage of that Act, several cases

have been decided in which like conclusions were reached in construing Sections 64, sub. a and 67, sub. c as applied to landlord's liens. In re Goldstein, D.C.E.D.Pa., 34 F. Supp. 876, held that goods liable to distress became impressed with his right to priority in the distribution of the proceeds of their sale, and that such charge or priority recognized by 64, sub. a(5) was not nullified by the tenant's subsequent bankruptcy. In re Kocialek, D.C.M.D.Pa., 32 F.Supp. 228, wherein the trustee claimed the proceeds of a distress sale under the state law, the referee, relying on Section 67, sub. c, ordered the constable to turn over the funds to the bankrupt estate. Upon review the District Court vacated the referee's order and held that the right to distrain upon the goods, whether those of the tenant or of a stranger, arises the moment the relationship of landlord and tenant is established; although there was no lien of distress, a procedure of distress warrant was commenced prior to bankruptcy to enforce a lien more than four months old, and therefore the matter was not within the jurisdiction of the bankruptcy court; it necessarily followed that the referee never had jurisdiction of the goods or of the proceeds of their sale.

■ Although such cases seem to deny the priority of administrative costs and wage claims over landlord's liens as provided in 67, sub. c, we believe that section was intended to effect a change of the landlord's priority rights, and that the law should be so construed as to give priority to costs and wages where the landlord's lien has not been enforced by a sale prior to bankruptcy. This view finds some support in Re Mt. Holly Paper Co., 3 Cir., 110 F.2d 220, involving a 77B, 11 U.S.C.A. § 207, proceeding begun prior to the Chandler Act. There the master concluded that wage claimants were entitled to priority ahead of rent claims and the Circuit Court affirmed the conclusion. The court held that although the landlord's right under state law is · recognized and allowed in bankruptcy, the priority of payment accorded to landlords is junior to the payment of wage claimants provided for by 64, sub. b(5) of the Bankruptcy Act as it then existed, and noted the changes in the law of priority effected by 64, sub. a and 67, sub. c of the Chandler Act passed prior to the decision but subsequent to the issue raised in that case. Miles Corp. v. Lindel, 8 Cir., 107 F.2d 729, construing 64, sub. a of the Act, held that it · should not take effect retroactively to deprive a landlord of a vested right previously acquired under state law. Conversely it would seem that the limitations imposed by the sections in question are effective against landlord's liens subsequently acquired.

■ The probable purposes of Section 67, sub. c were the making available for administration costs and wages all goods which appeared to be the property of the bankrupt even though they were subject to statutory liens, and also to protect in the hands of innocent purchasers property which had been sold in the enforcement of a statutory lien prior to the bankruptcy of the former owner. In line with this view is Re Kentucky Book Mfg. Co., D.C., W.D.Ky., 1939, 30 F.Supp. 400. There the landlord distrained and purchased the tenant's goods at the distress sale but left them on the premises. When the tenant subsequently became bankrupt, the receiver claimed the goods and the referee allowed the claim. The court reversed the referee and held that the landlord had acquired a title which could not be upset by a summary proceeding in bankruptcy. In the opinion, the Court stated that it had been decided many times under 67, sub. b of the old act that a landlord's lien is not obtained by legal proceedings and is therefore not dissolved; that the amendment of 1938 changed the wording but not the substance of Section 67; and that lien creditors could enforce their liens by sale, and the title acquired by the purchasers, even though the liens be voidable, are specifically protected by Section 67 of the Act.

■■ The referee's conclusion that the Chandler Act changed the prior law as to the priority of landlord's liens seems amply justified by the express language of the sections dealing with priorities, and we concur in the finding that the present landlord's claim must follow the payment of costs and wages. There can be no doubt that Congress has the power to regulate and change such priority rights (In re Glover Casket Co., D.C., 1 F.Supp. 743) without violation of the fifth constitutional amendment where the changes are consonant with a fair reasonable and equitable distribution of the . assets of a bankrupt estate. Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340, 32 A.B.R., N.S., 487.

■ As to the referee's allowance for use and occupancy, we note that the landlord's lease was with Jacob and David Finkelman and not with the bankrupt. Under it the lessees became liable for the January rent on the first day of that month. The fact that

the receiver took possession on January 10 did not affect the lessees' liability already incurred, and certainly the landlord may not validly assert two claims covering the same period. The allowance for use and occupancy from February 1 to February 5 is proper under the law (In re Celian, D.C., 41 F.2d 560) and is affirmed.