**In re JAY & DEE STORE CO.**

No. 21179.

District Court, E. D. Pennsylvania.

July 9, 1941.

BARD, District Judge.

I am in complete agreement with the conclusion reached in the present case, but the suggestion contained in the opinion that our present ruling is in conflict with the case of In re Goldstein, D.C., 34 F. Supp. 876, decided by me on September 9, 1940, impels me to file this separate concurring opinion. Actually, there is no such conflict but, on the contrary, complete accord.

The opinion of Judge Welsh states [37 F. Supp. 989, 991]: "Although such cases [In re Goldstein, supra, and In re Kocialek, D.C.M.D.Pa.1940, 32 F.Supp. 228] seem to deny the priority of administrative costs and wage claims over landlord's liens as provided in section 67, sub. c [11 U.S.C.A. § 107, sub. c.], we believe that section was intended to effect a change of the landlord's priority rights, and that the law should be so construed as to give priority to costs and wages where the landlord's lien has not been enforced by a sale prior to bankruptcy."

In the Goldstein case, supra, I held that where goods not distrained upon were upon the demised premises liable to the distress of the landlord at the time of the execution of an assignment for the benefit of creditors, followed shortly thereafter by an involuntary petition in bankruptcy, the priority or charge for rent existing in the landlord's favor by virtue of the Pennsylvania Act of July 17, 1919, P.L. 1029, Sec. 1, 39 P.S. § 96, would be recognized and enforced in the bankruptcy proceedings within the limitations of Section 64, subsection a(5), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5). In that case, I sought to emphasize the distinction between Section 64, sub. a(5), and Section 67, sub. c, of the Act in the following language (34 F.Supp., at page 879): "In this connection, it must be reiterated that the question of priority under Section 64, sub. a(5) of the Bankruptcy Act is entirely separate from that of the enforcement of valid liens in bankruptcy. See H.R.Rep. No. 1409, 75th Cong., 1st Sess.(1937), pp. 15, 16. A landlord's lien obtained by distraint prior to bankruptcy is not one obtained by 'legal or equitable process' and therefore is not divested by Section 67, sub. a(1) of the Bankruptcy Act, 11 U.S. C.A. Sec. 107, sub. a(1), upon the occurrence of the tenant's bankruptcy within four months. Henderson v. Mayer, 1912, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233; In re West Side Paper Co., 3 Cir., 1908, 162 F. 110, 15 Ann.Cas. 384; In the Matter of Mount Holly Paper Co. [3 Cir., 1940, 110 F.2d 220]. Prior to the Chandler Act, where such a lien was created, the landlord was entitled to payment in full out of the encumbered property without regard to the priorities in distribution enumerated by Section 64. In re Edmunds, D.C.M.D.Pa., 1939, 27 F.Supp. 196. At present, by virtue of Section 67, sub. c of the Chandler Act, 11 U.S.C.A. Sec. 107, sub. c, where such a lien is not enforced by a sale prior to the filing of the petition, though valid, the lien of distress for rent is postponed in payment to the debts enumerated in clauses (1) and (2) of subsection a of Section 64, and is re-

stricted in the amount of its payment to the same extent as that provided for rent priorities under Section 64, sub. a(5), namely, for rent accrued within three months before bankruptcy. Even so, a valid lien of distress is in an entirely different category than a priority or charge for rent existing under state law and is not to be considered, as to priority of payment, as falling within the purview of Section 64, sub. a(5), of the Bankruptcy Act."

As is evident from the foregoing quotation, the problem presented by the instant case was fully anticipated and answered in the Goldstein case in accordance with our present conclusion. To reiterate, instead of conflict there is complete agreement.

The Kocialek case, on the other hand, does appear contra to our present decision; but I am in agreement that it ought not to be followed here.

In my opinion, the present case raises no serious difficulty and is resolved merely by an application of the governing provisions of Section 67, sub. c, of the Bankruptcy Act.