**In re MICHAELS' CAFETERIA, Inc.**

No. 6528.

District Court, D. Louisiana,
Shreveport Division.

Nov. 27, 1943.

For former opinion, see 49 F.Supp. 657.

N. B. Carstarphen, of Shreveport, La., for bankrupt.

J. A. Patin, of Shreveport, La., for the Government.

Cook, Lee, Clark & Egan, of Shreveport, La., for Ardis Bldg. Co.

DAWKINS, District Judge.

A rehearing was granted in this matter, restricted to the question of whether the Chandler Act of 1938, 11 U.S.C.A. § 1 et seq., controls the distribution of the funds of the estate. When the act was passed, the lease of the landlord, Ardis Building Co., had some four years to run, and under the provisions of the Act No. 190 of the Louisiana legislature of 1926, the lien of the lessor, in event of the "failure" of a mercantile business, is restricted to six months following such failure. The rental in the present case was $600 per month, three months of which was in arrears at the time of adjudication on June 10, 1942, and it is stated in brief and not disputed that the landlord should be paid at the stipulated rate for another three months, from that date until the building was released on September 10th.

Some $6,500 was realized from the assets. The uncontested portion of the lessor's claim, costs of administration, such as trustee's and referee's fees, the fee of the attorney for the bankrupt, stenographers' fees, etc., together with the claims for labor allowed by the Referee, which are not opposed, reduce the amount for distribution here to about $1,500. It is conceded that the rent lien of the landlord is superior to that of the Commercial National Bank, which is secured by chattel mortgage and that the latter is superior to the claim for taxes. But the Government contends the rent lien is restricted by the provisions of

the Chandler Act (Secs. 64 and 67, 11 U. S.C.A. §§ 104, 107) to three months.

In the former opinion of this Court, it was held that the landlord, under its superior lessor's lien, could not, because of the provisions of Secs. 64 and 67 of the Bankruptcy Act, as amended by the Chandler Act, recover more than three months rent, plus the sum which otherwise would have gone to the competing lienor, the bank, under its chattel mortgage, and that the balance should be applied to the taxes claimed by the Government.

■ Before taking up the question of whether the Chandler amendment can apply here, there are two other issues which must be considered. The first is the effort on the part of counsel for the Government to have the case sent back to the Referee for the purpose of permitting proof to be introduced to show that the note of the bank secured by the chattel mortgage had been paid by an endorser, and for which reason, it is contended the chattel mortgage lien, admittedly superior to the Government's claim for taxes, has been eliminated, thus removing any competition between it and the lessor's lien as contemplated by the provisions of Sec. 67 of the Chandler Act. However, if it be true that the note was paid by the endorser, the Louisiana law, Article 2161 of the Revised Civil Code, would automatically subrogate the endorser to the position of the bank, unless it could be shown that the obligation was in reality that of the former. No such allegation is made in the motion to reopen the case, and no good reason has been suggested why prosecution of the claim could not be continued in the name of the bank for the benefit of the endorser. For practical purposes, it would avail the endorser little, because as against the chattel mortgage, the landlord would be entitled to receive the full amount of its claim, thereby consuming the remainder of the funds and leaving nothing for either the bank or the endorser. This, no doubt, accounts for the fact that the bank did not seek review of the ruling which had the effect of denying it any participation in the fund. The application of the Government to remand the case to the Referee on this point will therefore be denied.

■ The second contention of the Government is that this Court may review only matters decided by the Referee and as to which the aggrieved party seeks relief. However, the landlord, having won its case, was not required to seek what might be called, for lack of a better term, a "cross review" in order to have considered questions of law, which were either raised before the Referee or were pertinent on the record as it stood. This is true especially where, as here, the constitutionality of the Act, if given retroactive effect, is raised. It is true that the applicability of the Chandler amendment was not vigorously presented until the application for a rehearing; nevertheless, I think it was in time and should be considered.

■ After careful examination of the question involved, I am constrained to hold that the contention of the landlord should be sustained. It will not be assumed that Congress intended to give the measure retroactive effect in the absence of express provision therefor. See Collier (Moore & Oglesbay Ed.) p. 167, Sec. 6720; Ginsberg v. Lindel, 8 Cir., 107 F.2d 721, and authorities cited; Miles Corp. v. Lindel, 8 Cir., 107 F.2d 729; In re Jay & Dee Store Co., D.C., 37 F.Supp. 989, 39 F.Supp. 588; Fudickar v. Glenn, 5 Cir., 237 F. 808.

Substantially the same question was presented in the Ginsberg case, supra, the only difference being that under the Iowa law, the landlord's lien was enforceable for a period of one year preceding bankruptcy, while in the present case both the law and claim in dispute cover subsequently accruing rent. Although the Court found Congress did not intend that the Chandler Act should apply retroactively, it discussed the nature of the lessor's lien at length and held it to be a vested right within the meaning of constitutional provisions. The following is quoted from the opinion at page 726 of 107 F.2d: "Of course under the bankruptcy power Congress may provide for the fair and equitable distribution of a debtor's property among his creditors; may discharge the debtor from liability for preexisting debts; may impair or destroy the obligation of private contracts; and may effect changes in the lienholder's remedy or delay its enforcement. Continental Illinois Nat. Bank v. Chicago Rock Island & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340; Wright v. Vinton Branch, 300 U.S. 440, 445, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Van

Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453; Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. There is, however, a significant difference between a property interest and a contract, Kuehner v. Irving Trust Co., supra, and the exercise of these powers does not permit the total or partial destruction of vested property rights. Due process of law 'inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice or an opportunity for a hearing.' Ochoa v. Hernandez, 230 U.S. 139, 141, 33 S.Ct. 1033, 1041, 57 L.Ed. 1427. Congress, in the exercise of the bankruptcy power, is bound by this principle and may not take a property right from one creditor and transfer it without compensation to another without violating the Fifth Amendment. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 601, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. When the vested lien of the landlord is taken away by an order of the bankruptcy court and the property impressed with that lien is given to the general creditors of the bankrupt, the landlord is clearly deprived of a property right without just compensation. That is as true when the property right is a landlord's lien as when it is a mortgage."

The landlord's lien under the law of Louisiana ranks as one of the highest and most preferred known to our system. Revised Civil Code, Article 3218, provides: "The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid." See also Trager Co. v. Cavaroc Co., 123 La. 319, 48 So. 949.

█ It is my view therefore that the Ardis Building Co. should be paid the amount of its rent in so far as the funds in the hands of the trustee will permit for the period not exceeding six months following the adjudication in bankruptcy, by preference over the claim of the Government for taxes.

Proper decree should be presented.